**Marguerite EUSTACE, Plaintiff–Appellant,**

v.

**SOUTH BUFFALO MERCY HOSPITAL, Defendant–Appellee.**

**Docket No. 01–9325.**

United States Court of Appeals, Second Circuit.

June 10, 2002.

Philip B. Abramowitz (Jason H. Sterne, on the brief), Buffalo, NY, for Appellant.

Linda T. Prestegaard, Phillips, Lytle, Hitchcock, Blaine & Huber LLP, Rochester, NY, for Appellee.

Present STRAUB and SOTOMAYOR, Circuit Judges, and SESSIONS, Judge.*

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HERE-

---

* The Honorable William K. Sessions, III, of the United States District Court for the District of Vermont, sitting by designation.

BY ORDERED, ADJUDGED AND DE-CREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Marguerite Eustace appeals from a Memorandum and Order of the United States District Court for the Western District of New York (John T. Elfvin, *Judge* ), granting summary judgment to Defendant–Appellee South Buffalo Mercy Hospital ("Mercy"). Judgment was entered on October 5, 2001, and the plaintiff filed a timely notice of appeal.

"We review *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party"—here, the plaintiff. *Giordano v. City of New York*, 274 F.3d 740, 746 (2d Cir.2001). We assume familiarity with the District Court's synopsis of the factual background and procedural history of this case. *See Eustace v. South Buffalo Mercy Hosp.*, No. 00–CV–0298, 2001 WL 1188168, at *1–3 (W.D.N.Y. Oct.4, 2001).

The plaintiff's amended complaint contains a single cause of action: she alleges that Mercy perceived her as disabled within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, and that Mercy discriminated against her on that basis and in violation of the ADA when it terminated her following her refusal to submit to a non-confidential counseling session with Mercy's Employee Assistance Program ("EAP"). A discrimination claim under the ADA requires, *inter alia*, proof that the plaintiff was disabled within the meaning of the ADA. *See*, e.g., *Giordano*, 274 F.3d at 747. The ADA defines "disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). It is under the third subsection of this definition that the plaintiff's claim lies: as part of her case, the plaintiff would have to prove that Mercy regarded her as substantially impaired in one or more major life activities. *See generally Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

We have confronted previously the issue of whether evidence that an employer required assessment of an employee's health implies that the employer regarded the employee as disabled within the meaning of the ADA. In *Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 647 (2d Cir. 1998), *cert. denied*, 526 U.S. 1018, 119 S.Ct. 1253, 143 L.Ed.2d 350, we held that the defendant employer's decision to require specific employees to undergo physical examinations as a prerequisite to promotion "provides no basis for concluding that they were regarded as limited substantially." In reversing the jury's finding that the plaintiffs were disabled and finding that there was insufficient evidence that the employer perceived them as disabled, we concluded that "[t]he fact that the [employer] perceived a need to require the exams suggests no more than that their physical condition was an open question." *Id.*

In similar circumstances, other circuits also have been unwilling to infer that the employer regarded the employee as disabled within the meaning of the ADA. For example, in *Cody v. CIGNA Healthcare of St. Louis, Inc.*, 139 F.3d 595 (8th Cir.1998), the plaintiff employee claimed that the defendant employer regarded her as disabled and pointed to the defendant's decisions to place her on paid medical leave and to require that she submit to a psychiatric evaluation before returning to work. The Eighth Circuit rejected this argument and affirmed the district court's grant of summary judgment to the defendant:

An employer's request for a mental evaluation is not inappropriate if it is not obvious that an employee suffers from a disability. A request for an evaluation is not equivalent to treatment of the employee as though she were substantially impaired. Employers need to be able to use reasonable means to ascertain the cause of troubling behavior without exposing themselves to ADA claims under §§ 12112(a) and 12102(2)(C).

*Id.* at 599 (citations omitted). Likewise, in *Sullivan v. River Valley School District,* 197 F.3d 804 (6th Cir.1999), *cert. denied,* 530 U.S. 1262, 120 S.Ct. 2718, 147 L.Ed.2d 983 (2000), the Sixth Circuit affirmed a grant of summary judgment to an employer who required that the plaintiff employee, who had engaged in hostile and confrontational outbursts, submit to mental and physical examinations to determine his fitness to continue as a teacher: "Given that an employer needs to be able to determine the cause of an employee's aberrant behavior, [the fact that examinations were required] is not enough to suggest that the employee is regarded as mentally disabled.... [A] defendant employer's perception that health problems are adversely affecting an employee's job performance is not tantamount to regarding that employee as disabled." *Id.* at 810.

Here, as in *Colwell,* evidence that an employer required the assessment of an employee's health and fitness indicates simply that the employee's condition was "an open question." As we held in *Colwell* and as our sister circuits held in *Cody* and *Sullivan,* such evidence, without more, does not establish that the employee was perceived as substantially impaired in one or more major life activities. Given the reports of the plaintiff's conduct, Mercy could mandate that the plaintiff attend an EAP counseling session without running afoul of the ADA.** Two supervisors at the hospital, Karen Grady and Dianne Enright, had received multiple reports from nurses and union representatives that the plaintiff, while on duty during the evening shift, was failing to complete necessary tasks, and while off duty, was calling the unit frequently to ask about staffing and scheduling and thereby was disrupting the unit's operations. Moreover, a hospital such as Mercy must be particularly diligent in ensuring that its employees remain capable of carrying out their job responsibilities; to fail to do so could jeopardize the health of patients. In this case, the plaintiff's conduct would justify further inquiry by any reasonable employer. Nevertheless, the plaintiff argues that the recitation of the multiple reports referred to above, and primarily the affidavit of Dianne Enright, indicate that the plaintiff's supervisors regarded her as suffering from a mental disability. Having conducted our *de novo* review of the record, including the evidence highlighted by the plaintiff, we find no evidence from which a reasonable jury might conclude that Mercy regarded the plaintiff as restricted in a major life activity. We therefore find that the District Court properly granted Mercy's motion for summary judgment.

For the reasons stated, we AFFIRM the judgment of the District Court.

---

** We express no view as to whether, by requiring that the plaintiff attend a non-confidential counseling session, Mercy violated the terms of its EAP policy. That issue is outside the scope of the ADA and this lawsuit.