Matter of Floriano-Keetch v New York State Div. of Human Rights (2019 NY Slip Op 06282)





Matter of Floriano-Keetch v New York State Div. of Human Rights


2019 NY Slip Op 06282


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


543 CA 18-01684

[*1]IN THE MATTER OF CHERI ANN FLORIANO-KEETCH, PETITIONER-APPELLANT,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS AND NIAGARA CHARTER SCHOOL, RESPONDENTS-RESPONDENTS. 






LAW OFFICE OF LINDY KORN, PLLC, BUFFALO (CHARLES L. MILLER, II, OF COUNSEL), FOR PETITIONER-APPELLANT.
GROSS SHUMAN P.C., BUFFALO (KEVIN R. LELONEK OF COUNSEL), FOR RESPONDENT-RESPONDENT NIAGARA CHARTER SCHOOL.


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Niagara County (Daniel Furlong, J.), entered January 17, 2018 in a proceeding pursuant to CPLR article 78 and Executive Law § 298. The judgment denied the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 and Executive Law § 298 seeking to annul the determination of respondent New York State Division of Human Rights (SDHR) that there was no probable cause to believe that petitioner's employer, Niagara Charter School (respondent), engaged in an unlawful discriminatory practice against her. We reject petitioner's contention that Supreme Court erred in denying the petition.
"Where, as here, SDHR renders a determination of no probable cause without holding a hearing, the appropriate standard of review is whether the probable cause determination was arbitrary and capricious or lacked a rational basis" (Matter of Sullivan v New York State Div. of Human Rights, 160 AD3d 1395, 1396 [4th Dept 2018] [internal quotation marks omitted]; see Matter of McDonald v New York State Div. of Human Rights, 147 AD3d 1482, 1482 [4th Dept 2017]; Matter of Smith v New York State Div. of Human Rights, 142 AD3d 1362, 1363 [4th Dept 2016], lv denied 30 NY3d 913 [2018]). We note initially that, contrary to petitioner's contention, "the conflicting evidence before SDHR did not create a material issue of fact that warranted a formal hearing" (Matter of Hall v New York State Div. of Human Rights, 137 AD3d 1583, 1584 [2016]; see McDonald, 147 AD3d at 1483). "Courts give deference to SDHR due to its experience and expertise in evaluating allegations of discrimination . . . , and such deference extends to [SDHR's] decision whether to conduct a hearing . . . [SDHR] has the discretion to determine the method to be used in investigating a claim, and a hearing is not required in all cases" (McDonald, 147 AD3d at 1482 [internal quotation marks omitted]; see Smith, 142 AD3d at 1363; Matter of Napierala v New York State Div. of Human Rights, 140 AD3d 1746, 1747 [4th Dept 2016]).
Furthermore, contrary to petitioner's contention, we conclude that SDHR's determination of no probable cause is not arbitrary or capricious, and it has a rational basis in the record. " Probable cause exists only when, after giving full credence to the complainant's version of the events, there is some evidence of unlawful discrimination' " (Matter of Mambretti v New York State Div. of Human Rights, 129 AD3d 1696, 1697 [4th Dept 2015], lv denied 26 NY3d 909 [2015]; see Sullivan, 160 AD3d at 1396). Here, there is no evidence of unlawful discrimination (see Napierala, 140 AD3d at 1747).
To the extent that petitioner challenges SDHR's determination on the basis that she was discriminated against based on her status as a caregiver, her challenge fails as a matter of law. As SDHR correctly determined, caring for an ailing family member is not a protected activity under the Human Rights Law (see Executive Law § 296 [1] [a]-[c]; cf. Administrative Code of City of NY §§ 8-102, 8-107 [1] [a]; see generally Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]). In addition, a rational basis supports SDHR's determination that there was no probable cause to believe that respondent discriminated against petitioner based on a perceived disability in the form of mental illness or addiction. Although respondent twice made inquiries concerning petitioner's behavior that respondent believed was unusual and on one occasion required her to complete a drug test, SDHR rationally concluded that those facts alone do not establish that respondent perceived that she suffered from an addiction or mental illness (see § 292 [21] [a]; see generally Eustace v South Buffalo Mercy Hosp., 36 Fed Appx 673, 675 [2d Cir 2002]). Moreover, petitioner failed to allege that any adverse action resulted from those events or that she was subjected to "discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the terms or conditions of employment" (Vitale v Rosina Food Prods., 283 AD2d 141, 143 [4th Dept 2001] [internal quotation marks omitted]; see Harris v Forklift Sys., 510 US 17, 21 [1993]; Matter of Bowler v New York State Div. of Human Rights, 77 AD3d 1380, 1381 [4th Dept 2010], lv denied 16 NY3d 709 [2011]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court