Mayzell **LITTLEJOHN,** Plaintiff,

v.

**NULL MANUFACTURING COMPANY,** Defendant.

No. ST–C–81–143–P.

United States District Court, W.D. North Carolina, Statesville Division.

June 25, 1985.

J. LeVonne Chambers, Gilda S. Glazer, Charlotte, N.C., for plaintiff.

John O. Pollard, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the Plaintiff's motion for appropriate relief. The Plaintiff moves the Court to enter an Order calculating back pay, front pay, counsel fees, costs and expenses.

The Court previously determined by Memorandum and Order of May 4, 1983 that the Plaintiff is entitled to back pay, front pay, reinstatement, counsel fees, costs and expenses. The Judgment specifically provides that:

IT IS, THEREFORE, ORDERED that:

(1) The Defendant's motion to alter or amend the Judgment entered February 16, 1983 is DENIED;

(2) The Plaintiff, pursuant to the Judgment, be immediately reinstated by the Defendant and have and recover of the Defendant $21,485.70 in back pay continuing $204.00 per week until reinstatement is effected;

(3) The Plaintiff receive pre-judgment interest from December 10, 1981 to the date of this Order at the rate of 8% per annum and receive post-judgment interest from this date until paid and satisfied at the rate of 8.98% per annum; and

(4) Plaintiff's counsel receives $11,977.20 for attorneys' fees and $918.00 for costs and expenses.

The Defendant appealed the Judgment to the United States Court of Appeals for the Fourth Circuit which affirmed the Judgment. The Defendant then filed a Petition for Writ of Certiorari with the United States Supreme Court which Petition was denied on October 9, 1984. The Judgment was stayed during all appellate proceedings by Orders of July 6, 1983 and July 10, 1984. The May 4, 1983 Judgment is now final with the Plaintiff prevailing in all appellate proceedings.

The Plaintiff was reinstated on November 5, 1984. The Defendant made a payment to the Plaintiff with respect to the amount of back pay and attorney's fees in the amount of $30,779.12 ($17,883.92 in back pay plus $12,895.20 in attorney's fees). The litigants attempted to agree on the additional relief to which the Plaintiff is entitled to pursuant to the Judgment of May 4, 1983. They, however, were unable to agree on the following four issues:

(a) Whether pre-judgment interest should be calculated based on the gross back pay awarded by the Court of $21,485.70 or on the sum of $14,245.02 ($21,485.70 less alleged deductions for federal and state income taxes and FICA taxes in the amount of $7,240.68). The Defendant contends interest should be computed based on the net back award which the Plaintiff would have received in May 1983. The Plaintiff contends that she is entitled to interest on the gross sum of her back pay award.

(b) Whether the interest should be calculated based on the gross front pay award of $204.00 per week or on the

net front pay award (gross front pay less alleged withholding deductions).

(c) Whether the Defendant should pay *post*-judgment interest on the $12,-895.20 awarded for attorney's fees in the May 4, 1983 Judgment.

(d) With respect to the attorney's fees incurred subsequent to the previous award, whether the Plaintiff's counsel is entitled to a fifty percent "upward adjustment" in the fee.

The Court in the May 4, 1983 Judgment found that the Plaintiff is entitled to $21,-485.70 in back pay with 8% prejudgment interest and 8.98% post-judgment interest. The Defendant elected to pay the Plaintiff $17,883.92 (which represents the net back pay of $14,245.02 and $3,638.90 in interest) instead of $23,947.11 (which represents the gross back pay award of $21,485.70 plus 8% pre-judgment interest of $2,461.41) plus post-judgment interest of 8.98%.

In addition, the Court awarded the Plaintiff $204.00 per week in pay until reinstated. As the Plaintiff was reinstated on November 5, 1984 the award equals $16,-320.00 (4/15/83 to 11/2/84, 80 weeks at $204.00 per week). The Plaintiff's interim earnings during this relevant time period, which earnings are deductible under Section 706(g) of Title VII from the gross entitlement to pay, are $72.76. Accordingly, the Plaintiff is entitled to recover $16,-247.24 ($16,320.00 less $72.76) plus 8.98% interest until paid, from the Defendant. The Defendant has not paid the Plaintiff with respect to the April 15, 1983 to November 5, 1984 award. The Defendant contends that this award should be treated the same as the Defendant treated the back pay award, with interest being calculated only upon the net amount.

■ The Defendant has unilaterally concluded what deductions for taxes allegedly should have been made in the Plaintiff's back pay award and has unilaterally elected to calculate interest on the net after these deductions. To allow the Defendant to pay less because of the Plaintiff's tax liability would give the Defendant a benefit it has not earned. The Defendant had the entire use of the money during the litigation. The Defendant did not withhold or pay any taxes on the Plaintiff's back pay during the litigation. If the back pay award had been paid into the Clerk's Registry during the appeal the Plaintiff would have earned interest on the entire sum. Further, the Plaintiff's tax liability is a matter between the Plaintiff and the respective taxing authority. The calculation of the Plaintiff's taxes would presumably include allowances for exemptions, deductions, etc. that the Plaintiff will elect to take based on her particular situation and may not consist of standard deductions and exemptions. Finally, since the Plaintiff is receiving her back pay in a lump sum rather than over the years she may incur a higher tax liability. Accordingly, the amount the Defendant owes the Plaintiff, including the calculation of interest, should not be reduced by deductions for the federal and state income taxes and the FICA taxes. *See, e.g., Curl v. Reavis*, 608 F.Supp. 1265 (1985).

■ The May 4, 1983 Judgment awarded attorney's fees and costs in the amount of $12,895.20. On December 3, 1984 the Defendant paid the Plaintiff $12,895.20 but declined to pay the 8.98% post-judgment interest on the attorney's fees award in the amount of $1,987.13. The Defendant contends that post-judgment interest was not due because the Judgment does not explicitly provide for post-judgment interest on the attorney's fees award. Actually, the Judgment does not differentiate between the back pay award and the attorney's fees award with respect to post-judgment interest. Even assuming that the Judgment does not explicitly provide for post-judgment interest, 28 U.S.C. § 1961 provides that post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court." Accordingly, post-judgment interest was due on the attorney's fees award and thus the Plaintiff is entitled to $1,987.13 plus 8.98% post-judgment interest from December 3, 1984 until paid.

■ The last area of dispute between the parties relates to the amount of attorney's fees to which the Plaintiff is entitled. The Plaintiff has submitted affidavits documenting the time and costs incurred. The Plaintiff expended a total of 134.50 hours and incurred expenses in the amount of $776.69. The Plaintiff requests a fee of $15,153.75. In support of this request the Plaintiff presented sufficient evidence that the requested rates are in line with rates prevailing in this community for similar services by attorneys of comparable skill, experience, and reputation, although Mr. Chambers' rate appears to be the upper echelon of the market rate. The Defendant failed to submit any evidence or to argue against the accuracy and the reasonableness of the hours charged, and thus waived their right to an evidentiary hearing as to the proper fee award. *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

The Defendant's only asserted objection to the attorney fee request is that a 50% upward adjustment is not justified. The Plaintiff contends that "[s]ince the fee issue must be litigated, ... an upward adjustment for the contingent nature of the case should be allowed." *Plaintiff's Memorandum In Support Of Plaintiff's Motion Concerning Appropriate Relief,* p. 8.

In setting attorney's fees the Court is required to follow the recent guidelines set forth in *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). In *Blum* the Supreme Court recognized that a reasonable attorney's fee is usually the product of a reasonable number of expended hours multiplied by reasonable rates. *Id.* 465 U.S. at ——, 104 S.Ct. at 1548. Thus, if the rate and the number of hours are found to be reasonable "the resulting product is presumed to be the reasonable fee." *Id.* In this case the Defendant does not challenge the number of hours or rates claimed by the Plaintiff.

■ In addressing the appropriateness of an upward adjustment to a fee award the Supreme Court stated:

The 'quality of representation', however, generally is reflected in the reasonable hourly rate. It, therefore, may justify an upward adjustment only in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates chaged and that the success was 'exceptional'.

\*     \*     \*     \*     \*     \*

Because acknowledgement of the 'results obtained' generally will be subsumed within other factors used to calculate a reasonable fee, it normally should not provide an independent basis for increasing the fee award.

*Blum,* 465 U.S. at ——, 104 S.Ct. at 1548–50. In that the contingency factor cited by the Plaintiff for adjusting the fee award is reflected in the reasonable hourly rate and a reasonable number of hours the Court finds that this is not the exceptional case in which an adjustment is necessary to the determination of a reasonable fee. The fee without any adjustment is seventy percent of the Plaintiff's back pay award. Further, the number of hours and the rate found to be reasonable reflects a *fully* compensatory fee for an attorney who bills by the hour. Thus, the Court finds that this case does not necessitate an upward adjustment in the fee in order to provide fair and reasonable compensation and the Plaintiff should recover $15,153.75 in attorney's fees and expenses in the amount of $776.69.

IT IS, THEREFORE, ORDERED that:
(1) The Plaintiff's motion for appropriate relief is GRANTED IN PART AND DENIED IN PART;
(2) The Defendant is to pay the Plaintiff $2,512.72 plus the 8.98% post-judgment interest from December 3, 1984 until paid;
(3) The Defendant is to pay the Plaintiff $16,247.24 plus the 8.98% post-judgment interest until paid;
(4) The Defendant is to pay the Plaintiff $1,987.13 plus the 8.98% post-judgment interest from December 3, 1984 until paid; and

(5) The Defendant is to pay the Plaintiff $15,153.75 in attorney's fees and $776.69 in costs with interest at a rate of 8.98% until paid.