822 F.Supp. 510 (1993)
Luther ARTIS, Plaintiff,
v.
UNITED STATES INDUSTRY and INTERNATIONAL ASSOCIATION of MACHINISTS and AEROSPACE WORKERS and Hitachi-Zosen Clearing, Inc., Defendants.
No. 85 C 10116.
United States District Court, N.D. Illinois, E.D.
March 9, 1993.
Miriam N. Geraghty, James R. Potter, Kinoy, Taren, Geraghty & Potter, Chicago, IL, for plaintiff.
Max G. Brittain, Jr., John J. Murphy, Jr., Brittain, Sledz, Morris & Slovak, Chicago, IL, for U.S. Industry and Intern. Assn.
*511 Irving M. Geslewitz, Jeffrey W. Eich, Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., William A. Widmer, III, Carmell, Charone, Widmer, Mathews & Moss, Chicago, IL, for Hitachi Zosen Clearing Inc.

MEMORANDUM AND ORDER
MORAN, Chief Judge.
Before us now is plaintiff Luther Artis' (Artis) motion for clarification of this court's Memorandum and Order dated September 11, 1990. Plaintiff prevailed at trial in late 1989 and defendants United States Industry and International Association of Machinists and Aerospace Workers and Hitachi-Zosen Clearing, Inc. (Hitachi-Zosen) have exhausted all potential appeals. The only remaining issues involve the calculation of pre-judgment and post-judgment interest on plaintiff's backpay award, and whether plaintiff is entitled to post-judgment interest on the attorneys' fees and costs award. Plaintiff requests this court to order that the interest due plaintiff on his backpay be calculated on the basis of the gross amount of the backpay award, and that plaintiff is entitled to interest on the attorneys' fees and costs portions of the judgment. For the reasons stated below, plaintiff's motion is granted.

DISCUSSION
In this court's Memorandum and Order dated September 11, 1990, $77,976.00 in attorneys' fees, with a 1.25 multiplier, or $97,460.00, and $3,071.91 in costs were awarded. Besides fees and costs, this court awarded backpay in the amount of $97,408.48 and prejudgment interest in the amount of $17,492.00.
Three issues for clarification have been raised by plaintiff. First is whether the statutory post-judgment interest due to plaintiff on his backpay award should be calculated on the basis of the gross amount or the net after-tax amount of the backpay award. To allow defendant to pay interest only on the net backpay amount would give defendant a benefit that it did not earn. Littlejohn v. Null Mfg. Co., 619 F.Supp. 149, 151 (D.C.N.C.1985). Defendant would achieve a windfall by having had the interim use of the amount of money that should have been withheld years ago. Defendant argues that it is unfair to order it to pay interest on the gross backpay award since plaintiff would not have received the withheld amounts (income taxes and other withholdings) even if the wages had been paid when they should have. However, as noted by the Seventh Circuit, if a choice must be made between "conferring a windfall on claimants or defendants, claimants are the logical choice." E.E.O.C. v. O'Grady, 857 F.2d 383, 391 (7th Cir.1988). This is especially true in a Title VII case, where we must keep in mind that the purpose of Title VII is to dissuade discrimination. And, awarding any windfall to defendant may encourage, rather than discourage, discrimination in the future. In addition, we note that plaintiff may not in fact receive any windfall. Plaintiff may be placed in a higher tax bracket in the year he receives the balloon payment of wages, resulting in an increased tax liability. Accordingly, the calculation of interest should be based on the gross backpay award.
The second issue raised by plaintiff is whether the prejudgment interest should be computed on the gross or net amount of his backpay award for 1990-1992. In our Memorandum and Order dated September 11, 1990, we awarded pre-judgment interest in the amount of $17,492.00. That interest amount was calculated and determined within this litigation in 1989 and need not be reexamined at this time. In accordance with our discussion above, that amount was properly calculated based on the gross amount of backpay.
The final issue raised by plaintiff is whether he is entitled to statutory interest on the attorneys' fees and costs portion of the judgment. Post-judgment interest is "allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. The Seventh Circuit recognized that a district court can compensate for the delay attorneys experience in receiving their fees by a computation of interest or a similar allowance in choosing a multiplier. Fleming v. County of Kane, 898 F.2d 553, 565 (7th Cir.1990). Defendant argues that this court *512 should deny statutory interest on attorneys' fees and costs because the award of attorneys' fees included a 25% enhancement and therefore plaintiff received more in fees than present law would authorize. Defendant also maintains that one of the functions of the multiplier was to compensate for the time value of money and, therefore, an award of interest would give plaintiff a double benefit. We disagree. First, in this court's Memorandum and Order of October 20, 1992, we noted that "[s]hould plaintiff now seek additional fees we might well factor in the circumstances that his counsel obtained more in fees than present law would authorize." However, plaintiff is not now seeking additional fees, but is merely requesting post-judgment interest on what was already awarded to him. An additional award of attorneys' fees is a completely separate issue and one that is not now before us. Second, permitting both interest and the 25% enhancement does not constitute "double-dipping" unless we had taken into account the time value of money when we chose the 25% enhancement. And even if one of the considerations for the multiplier was a delay in receipt of payment, that would not preclude an award of post-judgment interest. See e.g., Jenkins v. State of Missouri, 731 F.Supp. 1437, 1440 (W.D.Mo.1990). As explained in this court's Memorandum and Order of October 20, 1992, the modest enhancement of 25% was justified from the "perspective of the impact that granting or refusing a multiplier will have on the availability of counsel in racial discrimination cases as a class." Essentially, the multiplier takes into account the risk of nonpayment that attorneys assume when they undertake racial discrimination cases. The 25% enhancement was not to compensate the attorneys for the delay in receiving their fees. Plaintiff is entitled to post-judgment interest on the attorneys' fees and costs portions of the judgment.