[692 NYS2d 220]

Ellen Pace, Appellant, v Ogden Services Corporation et al., Respondents.

Third Department, June 17, 1999

## APPEARANCES OF COUNSEL

*Douglas Robert Hawkins,* Syracuse, for appellant.

*Brown, Rudnick, Freed & Gesmer,* Boston (*Marilyn D. Stempler* of counsel), for respondents.

## OPINION OF THE COURT

MERCURE, J.

In 1991, plaintiff began employment as a laboratory technician at the City of Cortland Waste Treatment Plant (hereinafter the plant), then owned by the City of Cortland in Cortland County. The City operated the plant until the summer of 1993 and contracted with various entities to operate it thereafter until January 1995, when a company affiliated with defendant Ogden Services Corporation (hereinafter Ogden) purchased all of the stock of the plant's current operator, and Ogden took over operation of the plant. At that time plaintiff and her supervisor became employees of Ogden.

In February 1996, plaintiff complained to Ogden representatives that she was being sexually harassed by her supervisor. Ogden then confronted plaintiff's supervisor with the allegations, informed him that the behavior alleged by plaintiff would not be tolerated, enrolled him in a sensitivity training session dealing with sexual harassment and conducted sensitivity training for all employees. In addition, Ogden repeatedly encouraged plaintiff to file a formal complaint against her supervisor; plaintiff refused to do so, however. In December 1996, plaintiff's position was eliminated and plaintiff was discharged.

Thereafter, plaintiff commenced this action to recover damages for defendants' alleged sexual discrimination in creating a

hostile workplace and unlawful retaliation as a result of her informing them of the alleged acts of sexual harassment by her supervisor (*see*, Executive Law § 296). Following joinder of issue, defendants moved to strike portions of plaintiff's affidavit submitted in support of her complaint and for summary judgment dismissing the complaint, contending that plaintiff's termination was strictly a cost-cutting measure and in no way related to her reports of harassment. Supreme Court granted both motions and plaintiff appeals.

We affirm. In order to prevail on the charge of sexual discrimination by reason of sexual harassment creating a hostile work environment (*see*, Executive Law § 296 [1] [a]), plaintiff bears the initial burden of establishing a prima facie case of sexual harassment (*see*, *Fair v Guiding Eyes for the Blind*, 742 F Supp 151, 154; *Matter of Town of Lumberland v New York State Div. of Human Rights*, 229 AD2d 631, 636; *Yukoweic v International Bus. Machs.*, 228 AD2d 775, 776, *lv denied* 88 NY2d 816).[1] To do so, plaintiff must establish that (1) she belongs to a protected group, (2) she was the subject of unwelcome sexual harassment, (3) the harassment was based on her gender, (4) the sexual harassment affected a term, condition or privilege of employment and, the only element seriously at issue here, (5) the employer knew or should have known of the harassment and failed to take remedial action (*see*, *Fair v Guiding Eyes for the Blind*, *supra*, at 155; *Matter of Town of Lumberland v New York State Div. of Human Rights*, *supra*, at 636).

■ We first note that the great majority of the incidents alleged in plaintiff's complaint took place before Ogden became responsible for the operation of the plant. On these facts, Ogden cannot be held liable for unknown sexual harassment taking place before it employed plaintiff and her supervisor (*see*, *Wheeler v Snyder Buick*, 794 F2d 1228, 1236). As for plaintiff's allegations of sexual harassment occurring after Ogden assumed responsibility for the plant's operation, it is undisputed that Ogden neither knew nor should have known of the alleged harassment until plaintiff came forward with her accusations. It is also clear from the record that once notified, Ogden took

---

1. New York courts require the same standard of proof in actions brought pursuant to Executive Law § 296 as that applied to Federal actions brought under title VII of the Civil Rights Act of 1964 (42 USC § 2000e-2) since the language of the two statutory provisions is almost identical (*see*, *Ferrante v American Lung Assn.*, 90 NY2d 623, 629; *Fair v Guiding Eyes for the Blind*, 742 F Supp 151, 157, *supra*).

immediate and adequate measures to ensure that the alleged offensive behavior would cease. Accordingly, we conclude that plaintiff has failed to establish a prima facie case of sexual harassment against Ogden, requiring dismissal of her sexual discrimination action.[2]

■ Our inquiry does not end, however, as plaintiff need not establish defendants' violation of Executive Law § 296 (1) (a) in order to prevail on her claims of retaliation (*see*, Executive Law § 296 [1] [e]; *Manoharan v Columbia Univ. Coll. of Physicians & Surgeons*, 842 F2d 590, 593). To establish a prima facie case of retaliation, plaintiff must show that (1) she has engaged in activity protected by Executive Law § 296, (2) Ogden was aware that she participated in the protected activity, (3) she suffered from a disadvantageous employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action taken by Ogden (*see*, *Dortz v City of New York*, 904 F Supp 127, 156). Once plaintiff has met this initial burden, the burden then shifts to defendants to present legitimate, independent and nondiscriminatory reasons to support their actions. Then, if defendants meet this burden, plaintiff has the obligation to show that the reasons put forth by defendants were merely a pretext (*see*, *Matter of Milonas v Rosa*, 217 AD2d 825, 826, *lv denied* 87 NY2d 806; *Sogg v American Airlines*, 193 AD2d 153, 156, *lv dismissed* 83 NY2d 846, *lv denied* 83 NY2d 754). Furthermore, where, as here, plaintiff asserts that her termination was in retaliation for a complaint of sexual harassment, plaintiff must produce evidence of " 'a subjective retaliatory motive for the termination' " (*Matter of Milonas v Rosa, supra*, at 826, quoting *Matter of Pace Univ. v New York City Commn. on Human Rights*, 85 NY2d 125, 128).

The record clearly shows, and the parties do not dispute, that plaintiff engaged in a protected activity and that Ogden was aware that she had done so. It is defendants' contention, however, that plaintiff has failed to tender evidence sufficient to satisfy the third and fourth elements of a retaliation cause of action, as previously set forth. With respect to plaintiff's claim of retaliatory discharge (*see*, Executive Law § 296 [1] [e]), at issue is plaintiff's ability to establish a causal connection between her complaint of sexual harassment and her eventual dismissal. While the elapsed time between plaintiff's complaint of harassment and her dismissal does not of itself support an

---

**2.** We do not view either *Faragher v City of Boca Raton* (524 US 775) or *Burlington Indus. v Ellerth* (524 US 742) as requiring a contrary result.

inference of retaliation (*compare*, *Dortz v City of New York*, *supra*, at 157), plaintiff also contends that her subordinate, a male who was less qualified and paid a larger salary, was kept to fill her position. In our view, this allegation is sufficient to give rise to an inference of unlawful discrimination (*see*, *Matter of Town of Lumberland v New York State Div. of Human Rights*, 229 AD2d 631, 635, *supra*).

For its part, however, Ogden has presented evidence of a legitimate, independent and nondiscriminatory reason for discharging plaintiff (*see*, *Matter of Milonas v Rosa*, *supra*, at 826). Specifically, after becoming alarmed by the suggestion that the City was seeking a less expensive operator for the plant, Ogden began to investigate a variety of cost-cutting measures. As a result, Ogden decided to outsource the greater part of its laboratory work, which had been performed by plaintiff, to a separate facility and estimated that by taking such action it would save a sufficient amount of money to remain competitive. Ogden has produced evidence that it outsourced the intended laboratory work and saved itself a significant amount of money by doing so. In opposition, plaintiff provided hypothetical calculations in an effort to show that Ogden "did not save the money they state after all" and claimed that the plant continued to perform a significant portion of its required laboratory work. However, plaintiff's claims are conclusory and unsubstantiated and they do not satisfy her burden of showing that the reasons put forth by defendants were merely a pretext and not the result of a legitimate business decision (*see*, *Matter of Miller Brewing Co. v State Div. of Human Rights*, 66 NY2d 937, 938; *Matter of Milonas v Rosa*, *supra*, at 826). Accordingly, we conclude that plaintiff's retaliatory discharge claim must fail.

In reviewing plaintiff's claim of retaliation relating to adverse actions taken against her while she was still employed by Ogden (*see*, Executive Law § 296 [1] [e]), we find that plaintiff has failed to present sufficient evidence to establish the requisite elements of a prima facie case. While the instances of discriminatory action alleged by plaintiff, including a diminution in her responsibilities and postcomplaint criticism of her work performance, may arguably support such a cause of action (*see*, *Dortz v City of New York*, 904 F Supp 127, 156, *supra*), based upon the absence of record evidence to support a finding that the alleged acts of retaliation took place within two months following plaintiff's complaint to Ogden, we conclude that she has failed to establish a sufficient causal connection between her com-

plaint and the alleged retaliatory conduct (*see, Ponticelli v Zurich Am. Ins. Group*, 16 F Supp 2d 414, 436). We therefore conclude that this portion of plaintiff's retaliation cause of action was also properly dismissed.

Plaintiff's remaining contentions have either been rendered academic by our determinations above or have been considered and found to be meritless.

MIKOLL, J. P., PETERS, SPAIN and CARPINELLO, JJ., concur.

Ordered that the order is affirmed, with costs.