■ In the Matter of NEW YORK STATE DEPARTMENT OF COR-
RECTIONAL SERVICES, Petitioner, v STATE DIVISION OF HUMAN
RIGHTS, Respondent. [814 NYS2d 284]—

Mugglin, J. Proceeding pursuant to Executive Law § 298
(transferred to this Court by order of Supreme Court, entered
in Albany County) to review a determination of respondent
which found petitioner guilty of an unlawful discriminatory
practice based on national origin.

Complainant began working for petitioner as a correction offi-
cer in 1970. In August 1989, he was transferred to Great
Meadow Correctional Facility in Washington County to serve as
a correction counselor. Claiming that petitioner engaged in
discriminatory practices, complainant, in 1992, filed a complaint
with respondent. In 2002, an evidentiary hearing was held by
an administrative law judge who determined that petitioner
discriminated against complainant on the basis of national
origin and recommended compensatory damages of $50,000 for
"pain, suffering, humiliation and mental anguish." The find-
ings and determination of the administrative law judge were
sustained by the Commissioner of Human Rights and, thereaf-
ter, petitioner commenced this proceeding in Supreme Court
seeking a review of the amount of the compensatory damage
award. Following the filing of respondent's cross petition for
enforcement of the judgment, Supreme Court transferred the
proceedings to this Court pursuant to Executive Law § 298.

The sole issue raised in petitioner's brief is that the award is
not supported by proof other than the self-serving testimony of
complainant and his wife. Petitioner, therefore, argues that the
award constitutes an abuse of discretion and is not supported
by substantial evidence. Notwithstanding petitioner's apparent
acquiescence in the finding of discriminatory practices, the
interposition of respondent's cross petition for enforcement of
the judgment requires us to consider whether the underlying
finding is supported by substantial evidence (see Matter of State
Div. of Human Rights v Bystricky, 30 NY2d 322, 326 [1972]).

Here, the record supports the conclusion that the workplace
was " 'permeated with discriminatory intimidation, ridicule,

and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment' " (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 310 [2004], quoting *Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993]). Although complainant reported to his superiors that he was subjected to disparaging names, comments and insults, no remedial action was ever taken throughout the entire 10 years of employment. Thus, we conclude that the finding of discriminatory practices is supported by substantial evidence (*see Matter of State of New York v New York State Div. of Human Rights*, 284 AD2d 882, 883 [2001]).

As to damages, we conclude that the award is reasonably related to the wrongdoing, is supported by substantial evidence and is comparable to previous awards for similar injuries (*see Matter of State of New York v New York State Div. of Human Rights, supra* at 884). The testimony of complainant alone is sufficient to establish the existence of mental anguish and humiliation (*see Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 207 AD2d 585, 586 [1994]), and the testimony of complainant's wife and the medical records of complainant's psychologist constitute substantial evidence of the severity and impact of the discriminatory practices over the 10 years of employment (*compare Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights.*, 225 AD2d 856, 858-859 [1996]; *Matter of State Div. of Human Rights v Muia*, 176 AD2d 1142, 1144-1145 [1991]).

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.