■ In the Matter of ROY C. BELL, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent. [827 NYS2d 779]—

Cardona, P.J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent State Division of Human Rights which, inter alia, awarded petitioner damages on his complaint against New Paltz Central School District for discriminatory retaliation.

In March 1990, petitioner, an elementary school physical education teacher employed by the New Paltz Central School District, filed a complaint with respondent alleging that he was sexually harassed by his supervisor and was shortly thereafter denied tenure in retaliation for making a complaint to his union representative. Petitioner resigned his position in May 1990, upon the advice of his union representative. Following hearings, the Commissioner of Human Rights dismissed the sexual harassment charge, but sustained the charge that the District had unlawfully retaliated against petitioner for making that complaint.

The Commissioner further concluded that an award of damages was appropriate. Petitioner had provided proof at the hearings as to what his teaching salaries, combined with coaching stipends, would have been in the intervening years had he remained employed by the District. He also provided evidence of his income from actual employment during the same period which served to partially mitigate his damages. The Commissioner, taking into account only the salary that petitioner would have earned as a teacher, concluded that he fully mitigated his damages by the year 1999. By that time, his salary from other income achieved parity with the salary that he would have earned had he remained a teacher. The Commissioner awarded petitioner "the sum of $171,491, minus all withholdings and

deductions for federal, state and local income taxes, as damages for back pay for the period between 1990 through 1998." Petitioner was also granted $25,000 in compensatory damages. Thereafter, petitioner commenced this proceeding, raising several challenges to the adequacy of the monetary relief.

Initially, petitioner contends that the award of back pay was insufficient because, among other things, it failed to include certain stipends that he would have earned had his employment continued. Specifically, the record discloses that petitioner was initially hired by the District in September 1987 and, in addition to teaching, he was employed as a coach in three sports, compensation for which, including his annual salary, was controlled by a collective bargaining agreement. Notably, petitioner performed those coaching duties every year that he was employed before the discrimination claim was filed. Based on the evidence, there was no reasonable basis to conclude that he would not have continued coaching had his employment not ended and, as such, we conclude that the back pay award must be recalculated to reflect those additional coaching stipends. In doing so, we note that, although the original back pay award contained a determination that petitioner diligently mitigated his damages through other employment by 1999 (see generally Matter of Walter Motor Truck Co. v New York State Human Rights Appeal Bd., 72 AD2d 635, 636 [1979]), the amounts utilized by the Commissioner did not take into account the higher income that he would have received if coaching stipends were included. Accordingly, the calculation of the date when petitioner fully mitigated his damages must be reconsidered upon remittal.

Next, we agree with petitioner that, in revising the back pay award, the Commissioner should refrain from including a direction that the District withhold deductions for federal, state and local income taxes. In that regard, we note that federal courts have held that an employer should not be permitted to pay less in a back pay award simply by deducting the taxes it assumes that the employee will owe on the award, because that would give "a benefit it has not earned [to the employer, who] had the entire use of the money during the litigation" (Curl v Reavis, 608 F Supp 1265, 1269 [1985]; see Littlejohn v Null Mfg. Co., 619 F Supp 149, 151 [1985]). Furthermore, in actions brought under title VII of the Civil Rights Act of 1964 (42 USC § 2000e et seq.), "a plaintiff receiving a back pay award is liable for the taxes that would have accrued in the year the wages were due" (Johnston v Harris County Flood Control Dist., 869 F2d 1565, 1580 [5th Cir 1989], cert denied 493 US 1019 [1990]). Since

claims under New York's Human Rights Law are treated similarly and are "analytically identical" to title VII claims (*Torres v Pisano*, 116 F3d 625, 629 [2d Cir 1997], *cert denied* 522 US 997 [1997]; *see Van Zant v KLM Royal Dutch Airlines*, 80 F3d 708, 714-715 [2d Cir 1996]), we conclude that income taxes should not be deducted by the District with respect to the revised back pay award and petitioner would remain personally responsible for his tax liability for those years, taking into account all applicable allowances or deductions.

Finally, we have reviewed petitioner's various challenges to the compensatory award of $25,000 and find no basis to disturb that determination. The Commissioner took all relevant factors into account, including the financial difficulties that petitioner experienced upon separation from his employment, and rendered an award "reasonably related to the discriminatory conduct" that the agency found to exist (*Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights*, 77 NY2d 411, 420 [1991]). Inasmuch as the award herein is supported by the record and is comparable to awards for similar injuries (*see e.g. Matter of State of New York v New York State Div. of Human Rights*, 284 AD2d 882, 883-884 [2001] [$20,000]; *Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 241 AD2d 811, 812 [1997], *lv denied* 92 NY2d 807 [1998] [$15,000]), we find no basis to disturb it.

Petitioner's remaining arguments have been examined and found to be unpersuasive.

Peters, Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is modified, with costs to petitioner, by annulling so much thereof as awarded petitioner the sum of "$171,491, minus all withholdings and deductions for federal state and local income taxes"; matter remitted to respondent for further proceedings not inconsistent this Court's decision; and, as so modified, confirmed.