In the Matter of BOARD OF EDUCATION OF THE NEW PALTZ CENTRAL SCHOOL DISTRICT, Petitioner, v MICHELLE C. DONALDSON, as Commissioner of Human Rights, et al., Respondents. [839 NYS2d 558]—

Cardona, P.J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the State Division of Human Rights which found, inter alia, that petitioner unlawfully retaliated against respondent Roy C. Bell.

The relevant facts of this matter were set forth in a related proceeding before this Court (*Matter of Bell v New York State Div. of Human Rights*, 36 AD3d 1129 [2007]). Briefly, respondent Roy C. Bell, a former elementary school physical education teacher employed by the New Paltz Central School District, filed a complaint with the State Division of Human Rights in 1990 alleging that he was sexually harassed by his supervisor and denied tenure in retaliation for making a complaint about the alleged harassment to his union representative. Following hearings held in 2001 and 2002, respondent Commissioner of

Human Rights dismissed the sexual harassment charge, but found that the District had unlawfully retaliated against Bell for making that complaint. Concluding that an award of damages was appropriate, the Commissioner, taking into account the salary that Bell would have earned as a teacher and not the stipends he would have earned as a school sports coach, fashioned a back pay award that contemplated he had fully mitigated his damages by the year 1999. Bell was also awarded $25,000 in compensatory damages.

Thereafter, petitioner commenced this proceeding seeking review of the Commissioner's decision which is now before us for disposition. Additionally, Bell commenced a separate CPLR article 78 proceeding solely challenging the monetary relief awarded by the Commissioner. Upon review of the latter proceeding, this Court remitted, directing, among other things, that the Division take into account Bell's projected coaching stipends when calculating his back pay award (*id.* at 1131-1132).

Initially, we are unpersuaded by petitioner's contention that the determination should be annulled due to the approximately 10-year delay between the time Bell's complaint was filed and the hearings were conducted. Although petitioner claims that the delay caused it substantial prejudice, the mere passage of time in rendering an administrative determination will not, standing alone, justify its annulment (*see Matter of Diaz Chem. Corp. v New York State Div. of Human Rights*, 91 NY2d 932, 933 [1998]; *Matter of Corning Glass Works v Ovsanik*, 84 NY2d 619, 623-624 [1994]). Instead, a party must demonstrate actual and substantial prejudice as a result of the delay (*see Matter of Diaz Chem. Corp. v New York State Div. of Human Rights, supra* at 933; *Matter of Corning Glass Works v Ovsanik, supra* at 623-624; *Matter of Pageau v Tolbert*, 304 AD2d 1067, 1069 [2003]).

Here, although petitioner claims that the passage of time detrimentally affected the ability of its prime witness, Bell's supervisor, to recall certain facts, upon close scrutiny of the record (*see Matter of Corning Glass Works v Ovsanik, supra* at 626), we find that petitioner has "failed to show actual, substantial prejudice" (*Matter of Pageau v Tolbert, supra* at 1069). Notably, the Commissioner largely based the finding of unlawful retaliation on testimony concerning the specific actions taken by the supervisor and the District's superintendent after Bell complained to union representatives, and not on information which the supervisor could no longer recall at the time of the hearing (*see Matter of Louis Harris & Assoc. v deLeon*, 84 NY2d 698, 704 [1994]). In any event, it cannot be disputed that petitioner was placed on notice of Bell's claims

when it received the complaint from the Division, at which point there was sufficient opportunity to take diligent steps to document and preserve evidence which it knew would become necessary at the subsequent hearings (*see id.* at 705). Accordingly, despite what was clearly an inordinate delay on the part of the Division, we conclude that petitioner did not sufficiently demonstrate "substantial prejudice due to the delay . . . to justify vacatur of the administrative determination" (*id.*).

Turning to the merits, we conclude that there is substantial evidence in the record to support the Commissioner's determination that Bell was subjected to unlawful retaliation by the District. In order to establish a prima facie case of retaliation, Bell was required to show that (1) he was engaged in a protected activity, (2) petitioner was aware of that activity, (3) Bell suffered an adverse employment action based on that activity and (4) there was a causal connection between Bell's protected activity and the adverse employment action (*see Forrest v Jewish Guild for the Blind,* 3 NY3d 295, 312-313 [2004]; *Pace v Ogden Servs. Corp.,* 257 AD2d 101, 104 [1999]). Notably, "[a] prima facie case of retaliation requires evidence of a subjective retaliatory motive for the termination" (*Matter of Pace Univ. v New York City Commn. on Human Rights,* 85 NY2d 125, 128 [1995]). Once this initial showing is met, the burden then shifts to petitioner "to present legitimate, independent and nondiscriminatory reasons to support [its] actions" (*Pace v Ogden Servs. Corp., supra* at 104). Assuming petitioner meets this burden, Bell would then have "the obligation to show that the reasons put forth . . . were merely a pretext" (*id.; see Matter of Milonas v Rosa,* 217 AD2d 825, 826 [1995], *lv denied* 87 NY2d 806 [1996]).

Here, Bell established that he was engaged in a protected activity, i.e., "opposing or complaining about unlawful discrimination" (*Forrest v Jewish Guild for the Blind, supra* at 313), through evidence that he immediately complained to his union representative about certain sexual comments and questions concerning his personal life that were made by his supervisor during a March 13, 1990 meeting. Although Bell's sexual harassment charge was ultimately dismissed, there was nevertheless proof in the record that he had a reasonable and good faith belief that his supervisor's conduct and questions concerning his sexual relationships were unlawful. Accordingly, the record supports a finding that Bell was engaged in a protected activity when he complained to his union representative.

Additionally, there was sufficient proof presented indicating that petitioner was aware of Bell's protected activity. The record

demonstrates that Bell's union representative spoke with his supervisor about the allegedly inappropriate comments shortly after Bell complained about them. In addition, the union's president informed petitioner's superintendent that Bell was considering filing a sexual harassment lawsuit. These conversations, along with two letters Bell sent to petitioner and its superintendent regarding the allegations of sexual harassment, sufficiently established that petitioner was on notice that Bell was engaged in a protected activity.

Regarding the remaining requirements to show a prima facie case, we note that petitioner does not dispute that Bell demonstrated that an adverse employment action was taken against him when petitioner denied Bell tenure on May 2, 1990. As for the necessity of Bell establishing a causal connection between his denial of tenure and his engagement in a protected activity, we note that proof was presented demonstrating that, prior to the March 13, 1990 meeting, Bell had never received an unfavorable performance evaluation. The proof also indicated that it was only after Bell spoke with his union representative and it was made known that he was contemplating a sexual harassment lawsuit against his supervisor that negative documentation was prepared concerning his work performance. Due to the lack of negative performance evaluations prior to the March 13, 1990 meeting and the short period of time between Bell's complaint of sexual harassment and his denial of tenure (*see Matter of Little v Gaines Elec. Contr., Inc.,* 36 AD3d 1056, 1057 [2007]), we conclude that Bell showed sufficient evidence of a subjective retaliatory motive (*cf. Matter of Pace Univ. v New York City Commn. on Human Rights, supra* at 129) and, additionally, established a causal connection sufficient to constitute a prima facie case of retaliation.

Although the burden of production then shifted to petitioner to provide a legitimate nondiscriminatory reason for denying Bell tenure (*see Pace v Ogden Servs. Corp., supra* at 104), we find no basis to disturb the Commissioner's conclusion that petitioner's proof in that regard was not credible (*see Matter of Little v Gaines Elec. Contr., Inc., supra* at 1057). As noted by the Commissioner, the alleged problems with Bell's performance that petitioner claimed were the true reason for the denial of tenure were inconsistent with the positive performance evaluations that Bell received prior to the March 13, 1990 meeting. Thus, even though testimony was presented which could support a contrary conclusion, the Commissioner "is granted discretion to resolve conflicting testimony and [this Court's] role is limited to assessing whether the determination is supported by

substantial evidence" (*Matter of New York State Off. of Mental Retardation & Dev. Disabilities [Staten Is. Dev. Ctr.] v New York State Div. of Human Rights*, 164 AD2d 208, 210-211 [1990] [citation omitted]). Under the circumstances herein, we find no reason to disturb the Commissioner's determination.

Finally, we conclude that the Commissioner's damage award, to the extent that it was not previously modified by this Court (*see Matter of Bell v New York State Div. of Human Rights*, 36 AD3d 1129, 1132 [2007], *supra*), is proper.* Although petitioner claims, among other things, that Bell failed to make a good faith effort to mitigate his damages and that the compensatory damage award was not supported by substantial evidence, these challenges are lacking in merit (*see generally id.* at 1129-1132).

The remaining arguments raised by petitioner have been examined and found to be unpersuasive.

Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* In reviewing this issue, we disagree with Bell's argument that petitioner is precluded from challenging the substance of the damage award in light of this Court's prior decision in *Matter of Bell v New York State Div. of Human Rights* (*supra*). While there is no question that the issue of damages was addressed by this Court in the context of the specific arguments raised by Bell and the Division, petitioner, who was not a party to that proceeding or in privity with the Division (*see Buechel v Bain*, 97 NY2d 295, 303-304 [2001]), did not have a full and fair opportunity to litigate the issue of damages.