In the Matter of ROLANDOS ANAGNOSTAKOS, Doing Business as ROLANDO'S DINER, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent, et al., Respondent. [846 NYS2d 798]—

Mercure, J.P. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of respondent State Division of Human Rights which found petitioner guilty of unlawful discriminatory practice based on age.

In 1998, respondent Shirley R. Fiske filed a complaint with respondent State Division of Human Rights (hereinafter respondent) alleging that petitioner subjected her to age-related verbal harassment, reduced her hours and terminated her because of her age. Fiske had worked as a waitress at petitioner's diner for 20 years until she was terminated in September 1997, at the age of 63. Following a hearing, an Administrative Law Judge recommended that Fiske's claim be dismissed. Upon further review, however, respondent sustained the complaint and awarded Fiske damages in the amount of approximately $39,000 with interest for back pay and $45,000 for mental anguish and humiliation. This proceeding to nullify respondent's determination then ensued.

We conclude that there is substantial evidence in the record to support respondent's determination that Fiske was subjected to a hostile work environment and that her reduction in hours and termination were motivated by age discrimination. A hostile work environment is one in which " 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment' " (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 310 [2004], quoting *Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993]; *see Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 28 AD3d 906, 906-907 [2006]). Here, respondent credited the testimony of Fiske and another former waitress that petitioner and his wife, a de facto supervisor, called Fiske a "stupid old yaya"—a Greek term for grandmother—in front of customers every day during the last several years of her employment, frequently encouraged her to retire due to her age and would not allow her to dress in the same manner as younger waitresses. Given the frequency of this conduct, which was occasionally accompanied by threatening physical gestures, and the additional testimony of Fiske regarding her resulting emotional distress, respondent's finding that a hostile work environment existed is amply supported by the record (*see Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 28 AD3d at 907; *Matter of Grand Union Co. v Mercado*, 263 AD2d 923, 924-925 [1999]).

With respect to respondent's finding of age discrimination, we note that in order to establish a prima facie case of discrimination, a complainant must "show membership in a protected class, that he [or she] was qualified to hold [the] position and . . . was discharged under circumstances giving rise to an inference of discrimination" (*Matter of Bemis v New York State Div. of Human Rights*, 26 AD3d 609, 611 [2006]; *see Forrest v Jewish Guild for the Blind*, 3 NY2d at 305; *Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]). This burden was satisfied through evidence that despite advertisements for the diner proclaiming her to be "The Finest Waitress in Binghamton," petitioner frequently suggested that Fiske retire, reduced her hours, and then ultimately terminated her, replacing her with a much younger waitress. Respondent rejected petitioner's nondiscriminatory explanation—that Fiske had never worked a full five days a week, any reduction in her hours was at her request, and that she quit after a dispute about a customer's bill—as lacking in credibility and pretextual (*see generally Forrest v Jewish Guild for the Blind*, 3 NY3d at 305). Indeed, we note that petitioner's explanation was contradicted not only by

Fiske's account but also by a customer who witnessed her firing and petitioner's own statements on an unemployment insurance form. Inasmuch as respondent " 'is granted discretion to resolve conflicting testimony and [this Court's] role is limited to assessing whether the determination is supported by substantial evidence,' " there is no basis to disturb respondent's finding that petitioner unlawfully discriminated against Fiske (*Matter of Board of Educ. of New Paltz Cent. School Dist. v Donaldson*, 41 AD3d 1138, 1141-1142 [2007] [citation omitted]; *see Matter of Bemis v New York State Div. of Human Rights*, 26 AD3d at 611-612).

We agree with petitioner, however, that the award of $45,000 in compensatory damages for mental anguish and humiliation is not supported by the evidence. In reviewing such an award, we must "determine whether the relief was reasonably related to the wrongdoing, whether the award was supported by evidence before [respondent], and how it compared with other awards for similar injuries" (*Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 219 [1991]). While Fiske's testimony supports her contention that she suffered humiliation and anguish over an extended period of time, in light of past awards for comparable injuries and "in the absence of any proof of the severity and consequences of her condition," we conclude that the evidence does not support a compensatory award in excess of $20,000 (*Matter of Town of Lumberland v New York State Div. of Human Rights*, 229 AD2d 631, 637 [1996]; *see Matter of R & B Autobody & Radiator, Inc. v New York State Div. of Human Rights*, 31 AD3d 989, 991 [2006]; *Matter of State of New York v New York State Div. of Human Rights*, 284 AD2d 882, 884 [2001]; *Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 241 AD2d 811, 812 [1997], *lv denied* 92 NY2d 807 [1998]; *see also Matter of Bell v New York State Div. of Human Rights*, 36 AD3d 1129, 1132 [2007]).

Petitioner's remaining arguments, to the extent that they are not rendered academic by our determination herein, have been considered and found to be lacking in merit.

Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by reducing the amount awarded for mental anguish and humiliation from $45,000 to $20,000, and, as so modified, confirmed.