Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Joseph G. Makowski, J.], entered January 14, 2008) to annul a determination of respondent-petitioner Kumiki Gibson, Commissioner, New York State Division of Human Rights. The *1305 determination found after a hearing that petitioner-respondent unlawfully discriminated against the complainant based on her sex by denying her housing.
It is hereby ordered that the determination is unanimously modified on the law and the petition is granted in part by reducing the award of compensatory damages for mental anguish and humiliation to $10,000 and as modified the determination is confirmed without costs, and the cross petition is granted in part and petitioner-respondent is directed to pay the complainant the following sums: $10,000 for mental anguish and humiliation, $2,970.95 for out-of-pocket expenses, and $10,000 for punitive damages, with interest at the rate of 9% per annum, commencing September 26, 2007.
Memorandum: Petitioner-respondent (petitioner) commenced this proceeding pursuant to Executive Law § 296 (5) (a) (1) seeking to annul the determination that he unlawfully discriminated against the complainant by refusing to permit her to rent an apartment in a duplex that he owned upon learning that the complainant was pregnant. Following a hearing before an administrative law judge, respondent-petitioner Commissioner of the New York State Division of Human Rights ordered petitioner to pay the complainant $20,000 for mental anguish and humiliation, $2,970.95 for out-of-pocket expenses, and $10,000 in punitive damages. Respondents-petitioners filed a cross petition seeking enforcement of the order.
In reviewing the Commissioner’s determination, this Court may not substitute its own judgment for that of the Commissioner (see generally Executive Law § 298; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-180 [1978]), and “we must confirm the determination so long as it is based on substantial evidence” (State Div. of Human Rights v Rochester Prods. Div. of Gen. Motors Corp., 112 AD2d 785, 786 [1985]). We conclude that the Commissioner’s determination that petitioner discriminated against the complainant based on her pregnancy is supported by substantial evidence and that the award of $10,000 for punitive damages is supported by the evidence and is authorized by Executive Law § 297 (4) (c) (iv) as a deterrent against housing discrimination. We agree with petitioner, however, that the award of $20,000 for mental anguish and humiliation is not supported by the evidence. “In reviewing such an award, we must ‘determine[, inter alia,] whether the relief was reasonably related to the wrongdoing [and] whether the award was supported by evidence before [the Commissioner] ’ ” (Matter of Anagnostakos v New York State Div. of Human Rights, 46 AD3d 992, 994 [2007], quoting Matter *1306 of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 219 [1991]). We conclude that the award is not reasonably related to the wrongdoing and is not supported by the evidence before the Commissioner. The evidence of the mental anguish and humiliation experienced by the complainant consisted of her testimony that she “had a little emotional breakdown” because she was “six months pregnant and basically homeless.” She further testified that the experience was “very emotional” and caused an elevation of her blood pressure at her next prenatal visit to her physician, although the blood pressure problem was not ongoing and she attributed her emotional anguish in part to the fact that she was six months pregnant. In light of the nonspecific nature of the complainant’s mental distress, we conclude that the maximum award for mental anguish and humiliation supported by the evidence is $10,000 (see generally Matter of New York State Tug Hill Commn. v New York State Div. of Human Rights, 52 AD3d 1169 [2008]; Matter of Diaz Chem. Corp. v New York State Div. of Human Rights, 237 AD2d 932 [1997]). We therefore modify the determination accordingly. Present—Hurlbutt, J.P., Smith, Green, Pine and Gorski, JJ.