■ In the Matter of KONSTANTIN STEFANIS, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [663 NYS2d 659] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Division of Human Rights dated March 8, 1996, which denied the petitioner's application to vacate a stipulation of settlement and directed compliance therewith, the appeal is from a judgment of the Supreme Court, Westchester County (Silverman, J.), entered October 17, 1996, which, upon a decision dated September 25, 1996, denied the petition and granted the cross petition of the New York State Division of Human Rights to enforce the stipulation.

Ordered that the judgment is affirmed, with costs.

In a housing discrimination proceeding, the petitioner, who was represented by counsel, was placed under oath and entered into a stipulation of settlement on the record before an Administrative Law Judge. The petitioner subsequently sought to vacate the stipulation but the Commissioner of the Division of Human Rights determined that the stipulation was valid and directed compliance therewith. The Supreme Court dismissed the petition to set aside the Commissioner's determination, and granted the cross petition to enforce it. We affirm.

Contrary to the petitioner's arguments, it is clear that the Administrative Law Judge had the authority to accept the parties' stipulation (*see,* State Administrative Procedure Act § 301 [5]; 9 NYCRR 465.10 [a]; 465.14 [f]). The stipulation was placed on the record at a public hearing by the petitioner, who was represented by competent counsel, and the record is barren of any evidence of fraud, overreaching, mistake, or duress. Therefore, the Supreme Court correctly found that the stipulation was binding upon the petitioner, and upheld the determination of the Commissioner.

We have examined the petitioner's remaining arguments and find them to be without merit. Bracken, J. P., Joy, Altman and Goldstein, JJ., concur.