■ In the Matter of NEW YORK STATE DIVISION OF HUMAN RIGHTS, on Complaint of HOUSING OPPORTUNITIES MADE EQUAL, INC., Petitioner, v CELESTE W. TRIPI, Respondent. [768 NYS2d 883]—Executive Law § 298 proceeding transferred to this Court by an order of Supreme Court, Erie County (Sedita, Jr., J.), entered June 11, 2003, to enforce an order, dated August 5, 2002, of the

Commissioner of petitioner, New York State Division of Human Rights.

It is hereby ordered that the amended petition be and the same hereby is unanimously granted without costs.

Memorandum: In this housing discrimination proceeding, Housing Opportunities Made Equal, Inc. (HOME) and respondent entered into a stipulation of settlement during a hearing on the complaint of HOME. The Commissioner of petitioner, New York State Division of Human Rights (SDHR), issued an order (final order) incorporating the terms of that settlement. Over three years later, a compliance hearing was held to determine whether the parties had complied with the final order. The Commissioner issued an order following the compliance hearing (compliance order) determining that HOME had reasonably complied with the final order but that respondent had not. The Commissioner ordered respondent to comply with the final order, including payment of $2,500 with interest. SDHR commenced this proceeding pursuant to Executive Law § 298 to enforce the compliance order, and Supreme Court transferred the proceeding to this Court. Respondent failed to answer the petition or amended petition.

Upon our review of the Commissioner's determinations (*see generally Matter of State Div. of Human Rights v Bystricky*, 30 NY2d 322 [1972]), we grant the amended petition for enforcement of the compliance order. Respondent assented to the terms of the settlement during the public hearing and with the advice of counsel. "[T]he record is barren of any evidence of fraud, overreaching, mistake, or duress" (*Matter of Stefanis v New York State Div. of Human Rights*, 244 AD2d 342, 342 [1997]). The Commissioner's determination after the compliance hearing that respondent failed to comply with the terms of the settlement, as incorporated in the final order, is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Hayes, JJ.