■ In the Matter of NEW YORK STATE DIVISION OF HUMAN RIGHTS, on the Complaints of DEBORAH MERRITT and Others, Petitioners, v ADAMS SECURITY, INC., et al., Respondents. [832 NYS2d 360]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Harold L. Galloway, J.], entered April 11, 2006) to review and enforce an order of petitioner. The order found after a hearing that respondents discriminated against complainants in violation of the Human Rights Law and awarded complainants damages.

It is hereby ordered that said petition be and the same hereby is unanimously granted with costs in accordance with the following memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking enforcement of the order of its Commissioner finding that respondents discriminated against the six complainants based upon their gender, awarding those complainants compensatory damages for mental anguish and humiliation, and awarding four of the complainants lost wages. Complainants worked as secretaries/office managers for respondent Adams Security, Inc. and filed complaints with petitioner alleging that they were sexually harassed by respondent Leonard Adams, Sr. and that such harassment constituted sex discrimination and/or a hostile work environment during their respective periods of employment, ranging from one day to two months, from March 1992 through July 1993. The Commissioner, adopting the findings of the Administrative Law Judge, found that Leonard Adams, Sr. exposed five of the six complainants to a hostile work environment, and that he dismissed three of the complainants because of their gender and constructively dismissed the other three complainants by creating intolerable working conditions because of sexual harassment. We conclude that those findings are supported by substantial evidence in the record (see generally Executive Law § 298; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-182 [1978]). We further conclude that the relief imposed by the Commissioner is reasonably related to the discriminatory conduct (see Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 217 [1991]), and thus there is no reason to disturb the determination of the Commissioner, who "may fashion a remedy to make the victim[s] whole for injuries suffered as a result of discriminatory employment practices [and who has] . . . 'broad powers to adopt measures which he . . . reasonably deems necessary to redress the injury' " (Matter of Beame v DeLeon, 87 NY2d 289, 297 [1995]).

We therefore grant the petition by directing respondents to

pay to complainant Deborah Merritt the sum of $2,160 for lost wages and $25,000 for mental anguish and humiliation with interest at the rate of 9% from April 30, 2004; to pay to complainant Angela M. Hudson the sum of $2,040 for lost wages and $25,000 for mental anguish and humiliation with interest at the rate of 9% from April 30, 2004; to pay to complainant Valeria R. Miller-Wilcox the sum of $2,500 for mental anguish and humiliation with interest at the rate of 9% from April 30, 2004; to pay to complainant Belinda Miller the sum of $25,000 for mental anguish and humiliation with interest at the rate of 9% from April 30, 2004; to pay to complainant Sharon A. Rodgers the sum of $4,320 for lost wages and $25,000 for mental anguish and humiliation with interest at the rate of 9% from April 30, 2004; and to pay to complainant Levease Townsend the sum of $5,600 for lost wages and $25,000 for mental anguish and humiliation with interest at the rate of 9% from April 30, 2004. Present—Scudder, P.J., Hurlbutt, Smith, Lunn and Green, JJ.