■ In the Matter of IROQUOIS NURSING HOME, INC., Petitioner-Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent-Petitioner, and HEATHER GLADLE, Respondent. [864 NYS2d 632]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Deborah H. Karalunas, J.], entered March 11, 2008) to review a determination of respondent-petitioner. The determination, among other things, found that petitioner-respondent had unlawfully discriminated against respondent on the basis of her temporary disability.

It is hereby ordered that the determination is unanimously modified on the law and the petition is granted in part by reducing the award of compensatory damages for mental anguish and humiliation to $10,000 and as modified the determination is confirmed without costs, and the cross petition is granted in part and petitioner-respondent is directed to pay respondent the sum of $10,000 for mental anguish and humiliation, with interest at the rate of 9% per annum, commencing November 21, 2007.

Memorandum: Petitioner-respondent commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination that it unlawfully discriminated against respon-

dent Heather Gladle (complainant) based on her temporary disability when it refused to allow her a light duty work restriction as a reasonable accommodation. The complainant was awarded $25,000 in compensatory damages for mental anguish and humiliation. While we conclude that the determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179-180 [1978]), we further conclude that the award of damages for mental anguish and humiliation is excessive. Although mental anguish and humiliation may be proven by the testimony of the complainant alone (*see Matter of New York City Tr. Auth. v State Div. of Human Rights,* 78 NY2d 207, 216 [1991]), here the complainant sought no medical treatment, and her testimony in support of the award of damages for mental anguish and humiliation was sparse. In our view, an award of $10,000 is "the maximum award supported by the evidence" (*Matter of New York State Tug Hill Commn. v New York State Div. of Human Rights,* 52 AD3d 1169, 1172 [2008]; *see generally Matter of Diaz Chem. Corp. v New York State Div. of Human Rights,* 237 AD2d 932, 933 [1997], *affd* 91 NY2d 932 [1998]), and we therefore modify the determination accordingly. Present—Hurlbutt, J.P., Smith, Centra, Fahey and Gorski, JJ.