■ In the Matter of STATE DIVISION OF HUMAN RIGHTS et al., Petitioners, v PAUL KOCH, Respondent. [875 NYS2d 180]—

Proceeding pursuant to Executive Law § 298 to enforce a determination of the Commissioner of the New York State Division of Human Rights dated October 24, 2006, which, after a hearing (1) found that the complainant, Carla S. Freitag-Hogan, was (a) subjected to a hostile work environment because of her sex, (b) subjected to disparate treatment because of her sex, and (c) constructively discharged from her employment because of her sex, (2) found that the respondent Paul Koch was individually liable for the sexual harassment, and (3) awarded the complainant (a) the sum of $36,000, plus interest at the rate of 9% per year from January 1, 2004, for lost wages, and (b) the sum of $75,000, plus interest at the rate of 9% per year from October 24, 2006, in compensatory damages for mental anguish and humiliation.

Adjudged that the petition is granted, on the law, with costs, the determination is confirmed, and the respondent is directed to pay to the complainant, Carla S. Freitag-Hogan, the sum of $36,000, plus interest at the rate of 9% per year from January 1, 2004, and the sum of $75,000, plus interest at the rate of 9% per year from October 24, 2006.

The complainant worked as an executive vice-president for First Preferred Mortgage Bankers Corporation (hereinafter First Preferred) and for its president, the respondent Paul Koch, from November 1, 1991, to March 29, 1993. On April 15, 1993, the complainant filed a verified complaint with the New York State Division of Human Rights (hereinafter the SDHR) alleging, inter alia, that she was sexually harassed by Koch, and that such harassment constituted sex discrimination and/or a hostile work environment during her period of employment.

The determination of the Commissioner of the SDHR, which adopted the findings of an administrative law judge, made after a hearing, is supported by substantial evidence (see Matter of State Div. of Human Rights [Granelle], 70 NY2d 100, 106 [1987]; Matter of State Div. of Human Rights v Bystricky, 30 NY2d 322, 326 [1972]). The record demonstrates that the complainant was subjected to a hostile work environment and disparate treatment, and was constructively discharged, all based upon her sex. Substantial evidence further supports the determination that Koch, as owner and president of First Preferred, was

individually liable for the discrimination (*see Patrowich v Chemical Bank*, 63 NY2d 541, 542 [1984]). In addition, the award of damages for mental anguish and humiliation was reasonably related to the discriminatory conduct (*see Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 216-217 [1991]), and the award for lost wages was also appropriate (*see* Executive Law § 297 [4] [c]; *Matter of New York State Div. of Human Rights v Adams Sec., Inc.*, 38 AD3d 1194, 1195-1196 [2007]). Mastro, J.P., Covello, Dickerson and Leventhal, JJ., concur.