■ In the Matter of MOHAWK VALLEY ORTHOPEDICS, LLP, Petitioner-Respondent, v ANDREA M. CARCONE, Respondent, and NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent-Petitioner. [886 NYS2d 521]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [Anthony F. Shaheen, J.], entered February 6, 2009) to annul a determination of respondent-petitioner. The determination found after a fair hearing that petitioner-respondent unlawfully discriminated against respondent based on a disability.

It is hereby ordered that the determination is unanimously confirmed without costs, the petition is dismissed, the cross petition is granted and petitioner-respondent is directed to pay respondent the following sums: $7,500 for mental anguish and humiliation and $2,180 for health insurance premiums, with interest at the rate of 9% per annum commencing September 30, 2008.

Memorandum: Petitioner-respondent (petitioner) commenced this CPLR article 78 proceeding seeking to annul the determination of respondent-petitioner, New York State Division of Human Rights (hereafter, SDHR), that petitioner unlawfully discriminated against respondent, Andrea M. Carcone, (hereafter, complainant), based on a disability, i.e., hypertension. Petitioner discharged complainant approximately six weeks af-

ter she was hired and a few days after being notified by complainant that she had been diagnosed with hypertension. The Administrative Law Judge (ALJ) found that complainant established a prima facie case of discrimination and refused to credit the testimony of petitioner's witnesses that petitioner in fact had decided to discharge complainant prior to learning of her medical diagnosis. The "Recommended Order" of the ALJ, which ordered petitioner to pay complainant $7,500 for mental anguish and humiliation and $2,180 for health insurance premiums, was adopted by SDHR's Commissioner, and SDHR cross-petitioned pursuant to Executive Law § 298, seeking enforcement of the order of the Commissioner.

We note at the outset the well-settled proposition that we may not substitute our own judgment for that of the Commissioner, and we thus must confirm the determination where, as here, it is supported by substantial evidence (*see Matter of Woehrling v New York State Div. of Human Rights*, 56 AD3d 1304, 1305 [2008]). Inasmuch as there is "a rational basis for the Commissioner's determination, the judicial function is exhausted" (*Matter of Argyle Realty Assoc. v New York State Div. of Human Rights*, 65 AD3d 273, 284 [2009]).

We reject petitioner's contention that the compensatory damages award of $7,500 for mental anguish and humiliation is not supported by the evidence. "In reviewing such an award, we must determine[, inter alia,] whether the relief was reasonably related to the wrongdoing [and] whether the award was supported by evidence before [the Commissioner]" (*Woehrling*, 56 AD3d at 1305 [internal quotation marks omitted]). It is well established that "[m]ental injury may be proved by the complainant's own testimony, corroborated by reference to the circumstances of the alleged misconduct" (*Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 216 [1991]; *see Matter of Iroquois Nursing Home, Inc. v New York State Div. of Human Rights*, 55 AD3d 1285 [2008], *lv denied* 12 NY3d 708 [2009]). Here, complainant testified at the hearing that she was "humiliated" by the discharge inasmuch as she felt that petitioner "attacked" her work ethic and character. She further testified that she was "scared" because she had a recently diagnosed medical condition and did not know how she would afford treatment of the condition without employment and health insurance benefits. We thus conclude on the record before us that the compensatory damages award for mental anguish and humiliation is supported by the evidence (*cf. Woehrling*, 56 AD3d at 1305-1306; *Iroquois Nursing Home, Inc.*, 55 AD3d 1285 [2008]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.