In the Matter of YU ZHANG, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [894 NYS2d 629]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [William P. Polito, J.], entered August 18, 2009) to annul a determination of respondent New York State Division of Human Rights. The determination dismissed petitioner's complaints alleging unlawful discrimination and retaliation by respondents Christopher C. Dahl, President, State University of New York at Geneseo, and State University of New York at Geneseo.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of respondent New York State Division of Human Rights (hereafter, SDHR) dismissing his complaints alleging unlawful discrimination and retaliation. We conclude that the determination is supported by substantial evidence and thus must be confirmed (*see generally Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 331 [2003]; *Matter of Mohawk Val. Orthopedics, LLP v Carcone*, 66 AD3d 1350, 1351 [2009]). Although petitioner established a prima facie case of discrimination, we conclude that respondents State University of New York at Geneseo (SUNY Geneseo) and Christopher C. Dahl, the president of SUNY Geneseo, rebutted the presumption of discrimination by presenting nondiscriminatory reasons to support their decision not to grant tenure to petitioner (*see generally Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]). Petitioner failed to establish that those reasons were merely a pretext for discrimination (*see generally Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Ferrante*, 90 NY2d at 629-630). In addition, petitioner failed to establish that SUNY Geneseo and Dahl engaged in retaliation after petitioner filed his complaint for unlawful discrimination (*see* Executive Law § 296 [7]).

Petitioner contends that SDHR failed to comply with various time limits set forth in Executive Law § 297. Those time limits, however, are directory rather than mandatory, and in any event petitioner has not demonstrated substantial prejudice as a result of the minimal delays (*see Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.*, 35 NY2d 371, 380-381 [1974], *rearg denied* 36 NY2d 807 [1975]; *Matter of 121-129 Broadway Realty v New York State Div. of Human Rights*, 43 AD2d 754 [1973]). We have considered petitioner's remaining contentions and conclude that they are without merit. Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.