■ In the Matter of SANDRA BOWLER, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [908 NYS2d 508]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Niagara County [Richard C. Kloch, Sr., A.J.], entered April 6, 2010) to review a determination of respondent New York State Division of Human Rights. The determination dismissed petitioner's complaint of discrimination.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: In this proceeding pursuant to Executive Law § 298, petitioner seeks to annul the determination of respondent New York State Division of Human Rights dismissing her complaint following a public hearing. Our review of the determination, which adopted the findings of the Administrative Law Judge (ALJ) who conducted the public hearing, is limited to the issue whether substantial evidence supports respondent agency's determination, i.e., whether there exists " 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 331 [2003]). We conclude that there is substantial evidence to support respondent agency's determination that petitioner was not subjected to sexual discrimination based on a hostile work environment. "An actionable hostile work environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the terms or conditions of employment" (*Vitale v Rosina Food Prods.*, 283 AD2d 141, 143 [2001] [internal quotation marks omitted]; *see Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993]). Here, the two inappropriate comments found by the ALJ to be attributable to petitioner's immediate supervisor were neither sufficiently severe nor pervasive to alter the conditions of petitioner's employment, and we will not disturb the credibility determinations of the ALJ with respect to any remaining allegations (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]; *Matter of Paolone v Ward*, 168 AD2d 234 [1990]). Contrary to the contention of petitioner, it is of no moment that other evidence in the record could support her allega-

tions. Courts " 'may not weigh the evidence or reject [respondent agency's] choice where the evidence is conflicting and room for a choice exists' " (*Rainer N. Mittl, Ophthalmologist, P.C.*, 100 NY2d at 331, quoting *Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.*, 59 NY2d 69, 75). Finally, we conclude that there is substantial evidence to support respondent agency's determination that petitioner was not subjected to retaliation, inasmuch as petitioner failed to allege that any adverse employment action was taken based upon her having engaged in a protected activity (*see generally Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312-313 [2004]). Present—Martoche, J.P., Carni, Green, Pine and Gorski, JJ.