■ IN THE MATTER OF NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Petitioners, v INDEPENDENT AUTO APPRAISERS, INC., et al., Respondents. [910 NYS2d 787]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Ann Marie Taddeo, J.], dated April 16, 2010) to enforce a determination of the Commissioner of the New York State Division of Human Rights. The determination found, among other things, that respondent discriminated against petitioner Leonard J. Scardino on the basis of age in violation of the Human Rights Law.

It is hereby ordered that the determination so appealed from

is unanimously modified on the law and the petition is granted in part by vacating the award of compensatory damages for mental anguish and humiliation and as modified the determination is confirmed without costs, and respondents are directed to pay petitioner Leonard J. Scardino the sum of $36,607 for lost wages, with interest at the rate of 9% per annum, commencing September 1, 1989.

Memorandum: Petitioners commenced this proceeding pursuant to Executive Law § 298 seeking to enforce the order determining that respondents discriminated against petitioner Leonard J. Scardino based on his age and awarding him compensatory damages for mental anguish and humiliation and for lost wages. Petitioners also sought to enforce the order determining that respondents failed to comply with the prior order. Scardino worked as an appraiser for respondents and filed a complaint with petitioner New York State Division of Human Rights (SDHR) alleging that he was terminated from his job because of his age. We conclude that the determination of the Commissioner of SDHR that Scardino was the victim of age discrimination is supported by substantial evidence (*see generally* § 298; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-182 [1978]; *Matter of New York State Div. of Human Rights v Adams Sec., Inc.*, 38 AD3d 1194, 1195 [2007]). We further conclude that the award of damages for lost wages is reasonably related to the discriminatory conduct (*see Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 217 [1991]), and thus there is no reason to disturb the determination of the Commissioner with respect thereto, inasmuch as the Commissioner "may fashion a remedy to make the victim whole for injuries suffered as a result of discriminatory employment practices . . . [and] 'has broad powers to adopt measures [that] he . . . reasonably deems *necessary to redress the injury*' " (*Matter of Beame v DeLeon*, 87 NY2d 289, 297 [1995]). We conclude, however, that the record does not support an award of damages for mental anguish and humiliation (*see generally Matter of Iroquois Nursing Home, Inc. v New York State Div. of Human Rights*, 55 AD3d 1285, 1286 [2008], *lv denied* 12 NY3d 708 [2009]), and we therefore modify the determination accordingly.

Finally, the Commissioner's determination after the compliance hearing that respondents failed to comply with the order determining that they discriminated against Scardino is supported by substantial evidence (*see Matter of New York State Div. of Human Rights v Tripi*, 2 AD3d 1360 [2003]; *see generally 300 Gramatan Ave. Assoc.*, 45 NY2d at 180-182). Present—Scudder, P.J., Martoche, Centra, Fahey and Green, JJ.