# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

516
TP 11-02146
PRESENT: SCUDDER, P.J., SMITH, FAHEY, AND SCONIERS, JJ.

---

IN THE MATTER OF CITY OF NIAGARA FALLS,
PETITIONER-RESPONDENT,

V                                        MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS, ON THE
COMPLAINT OF KEVAN H. ARYA, RESPONDENT-PETITIONER,
AND KEVAN H. ARYA, RESPONDENT.

---

CRAIG H. JOHNSON, CORPORATION COUNSEL, NIAGARA FALLS (CHRISTOPHER M.
MAZUR OF COUNSEL), FOR PETITIONER-RESPONDENT.

CAROLINE J. DOWNEY, BRONX (TONI ANN HOLLIFIELD OF COUNSEL), FOR
RESPONDENT-PETITIONER.

---

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Niagara County [Ralph A. Boniello, III, J.], entered April 11, 2011) to review a determination of respondent-petitioner New York State Division of Human Rights. The determination found that petitioner-respondent had discriminated against respondent Kevan H. Arya on the basis of his national origin.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by reducing the award of compensatory damages for mental anguish and humiliation to $4,000 and as modified the determination is confirmed without costs and the cross petition is granted to that extent.

Memorandum: Petitioner-respondent (petitioner) commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of the Commissioner of respondent-petitioner New York State Division of Human Rights (SDHR), finding that respondent Kevan H. Arya (complainant) was discriminated against based on his national origin. The Commissioner ordered petitioner to pay complainant the sum of $125, for costs incurred by complainant due to the improper refusal by petitioner to permit him to take petitioner's master electrician's test, with interest from a specified date to the date on which such payment is made, plus the sum of $8,000 for compensatory damages for mental anguish and humiliation, with interest on that part of the award from the date of the Commissioner's determination to the date on which such payment is made. Petitioner then commenced this proceeding, and SDHR filed a cross petition seeking enforcement of the Commissioner's determination.

We conclude that the determination that complainant was discriminated against based on his national origin is supported by substantial evidence in the record. "Judicial review of [S]DHR's determination made after a hearing is limited to consideration of whether substantial evidence supports the agency determination. Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 331, quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180). Furthermore, this Court "may not weigh the evidence or reject the Commissioner's determination 'where the evidence is conflicting and room for choice exists' " (*Matter of Manhattan & Bronx Surface Tr. Operating Auth. v New York State Exec. Dept.*, 220 AD2d 668, 668; *see Matter of New York State Tug Hill Commn. v New York State Div. of Human Rights*, 52 AD3d 1169, 1170). Here, there is evidence supporting that part of the determination of the Commissioner that petitioner's employee failed to respond in a timely manner to a request made by complainant for an application to take the master electrician's test, and indeed did not respond for a two-month period lasting until after the yearly deadline for that test had passed, and there is evidence supporting that part of the determination that such failure was based upon a discriminatory motive. We thus confirm those parts of the determination.

Nevertheless, we agree with petitioner that the award of compensatory damages for mental anguish and humiliation in the amount of $8,000 "is not supported by the evidence. In reviewing such an award, we must 'determine[, inter alia,] whether . . . the award was supported by evidence before [SDHR], and how it compared with other awards for similar injuries' " (*Matter of Anagnostakos v New York State Div. of Human Rights*, 46 AD3d 992, 994, quoting *Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 219). Here, the Commissioner's conclusion that complainant experienced mental anguish and humiliation is based upon the finding of the Administrative Law Judge that complainant "appeared frustrated and angry at the March 2009 public hearing, 6 months after [petitioner]'s September 2008 denial" of his application to take the master electrician's test. Absent any further evidence of mental anguish and humiliation, and absent testimony or evidence concerning the depth thereof experienced by complainant, we conclude that the maximum amount that may be awarded for mental anguish and humiliation is $4,000. We therefore modify the determination accordingly, thus granting the petition in part and granting the cross petition except insofar as the determination is modified with respect to such damages.

Entered: April 20, 2012

Frances E. Cafarell
Clerk of the Court