■ In the Matter of NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Petitioners, v ABS ELECTRONICS, INC., et al., Respondents. [958 NYS2d 502]—

Proceeding pursuant to Executive Law § 298 to enforce a determination of the Commissioner of the New York State Division of Human Rights dated January 22, 2007, which adopted the recommendation and findings of an administrative law judge dated June 26, 2006, made after a hearing, finding that the complainant was subjected to a hostile work environment because of her sex in violation of Executive Law § 296, and awarded the complainant damages in the principal sums of $5,263 for back pay, plus interest at the rate of 9% per year from December 1, 2003, and $50,000 in compensatory damages for mental anguish and humiliation, plus interest at the rate of 9% per year from January 22, 2007.

Adjudged that the petition is granted, on the law, with costs payable by the respondent Steven Fielman, to the extent of enforcing so much of the determination as found the respondent Steven Fielman liable for a violation of Executive Law § 296, and awarded the complainant damages in the principal sums of $5,263 for back pay, plus interest at the rate of 9% per year from December 1, 2003, and $50,000 in compensatory damages for mental anguish and humiliation, plus interest at the rate of 9% per year from January 22, 2007, the petition is otherwise denied, the proceeding is otherwise dismissed, and the respondent Steven Fielman is directed to pay the complainant the principal sums of $5,263 for back pay, plus interest at the rate of 9% per year from December 1, 2003, and $50,000 in compensatory damages for mental anguish and humiliation, plus interest at the rate of 9% per year from January 22, 2007.

There is substantial evidence in the record that the complainant was subjected to unwelcome sexual advances by her manager, the respondent Steven Fielman, that altered the conditions of the workplace and, thus, was subjected to a hostile work environment (*see Matter of Columbia Sussex Corp. v New York State Div. of Human Rights*, 63 AD3d 736 [2009]; *Matter of State Div. of Human Rights v Koch*, 60 AD3d 777 [2009]). However, the Commissioner of the New York State Division of Human Rights (hereinafter the Commissioner) improperly imposed liability on the respondent ABS Electronics, Inc. (hereinafter ABS). Under the Human Rights Law, an "employer cannot be held liable for an employee's discriminatory act unless the employer became a party to it by encouraging, condoning, or approving it" (*Matter of Totem Taxi v New York State Human Rights Appeal Bd.*, 65 NY2d 300, 305 [1985]; *see Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687 [1985]; *Matter of Medical Express Ambulance Corp. v*

*Kirkland*, 79 AD3d 886 [2010]). Here, the evidence presented at the hearing does not support a finding that ABS knew or should have known of the improper conduct of Fielman, and encouraged, approved, or condoned the improper conduct by failing to take remedial action (*see Doe v State of New York*, 89 AD3d 787, 788-789 [2011]).

The Commissioner, however, properly imposed liability on Fielman individually. An individual will not be subject to liability under the Human Rights Law unless he or she is shown to have an ownership interest or any power to do more than carry out personnel decisions made by others (*see Patrowich v Chemical Bank*, 63 NY2d 541, 542 [1984]). Here, there is substantial evidence in the record that, although a manager of ABS, Fielman had the authority "to do more than carry out personnel decisions made by others" (*Patrowich v Chemical Bank*, 63 NY2d at 542; *see Carrea v Imagimed, LLC*, 74 AD3d 860, 862 [2010]; *Cirillo v Muss Dev. Co.*, 278 AD2d 353, 354 [2000]).

Furthermore, there is no reason to disturb the award of damages. "Deference must be accorded to the agency's assessment of damages in view of its special experience in weighing the merit and value of mental anguish claims" (*Matter of New York State Div. of Human Rights v Caprarella*, 82 AD3d 773, 775 [2011]). The award of $50,000 in compensatory damages for mental anguish and humiliation is reasonably related to the wrongdoing, is supported by substantial evidence, and is similar to comparable awards for similar injuries (*see Matter of New York State Div. of Human Rights v Ben Rottenstein Assoc., Inc.*, 89 AD3d 852, 853 [2011]; *Matter of Columbia Sussex Corp. v New York State Div. of Human Rights*, 63 AD3d 736 [2009]; *Matter of State Div. of Human Rights v Koch*, 60 AD3d 777, 777-778 [2009]). The back pay award is also supported by substantial evidence and is appropriate (*see* Executive Law § 297 [4] [c]; *Matter of New York State Div. of Human Rights v Ben Rottenstein Assoc., Inc.*, 89 AD3d at 854; *Matter of State Div. of Human Rights v Koch*, 60 AD3d at 778). Mastro, J.P., Angiolillo, Dickerson and Hall, JJ., concur.