# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**943**
**TP 15-00391**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF CORINNE ZAJAC, PETITIONER,

V                                                MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS AND
SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL
200 UNITED, RESPONDENTS.

---

LAW OFFICE OF LINDAY KORN, PLLC, BUFFALO (CHARLES L. MILLER OF COUNSEL), FOR PETITIONER.

LAW OFFICES OF MAIREAD E. CONNOR, PLLC, SYRACUSE (MAIREAD E. CONNOR OF COUNSEL), FOR RESPONDENT SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 200 UNITED.

---

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Deborah A. Chimes, J.], entered March 4, 2015) to review a determination of respondent New York State Division of Human Rights. The determination adopted the recommended order of the Administrative Law Judge dismissing petitioner's complaint.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: In this proceeding pursuant to Executive Law § 298, petitioner seeks to annul the determination of respondent New York State Division of Human Rights dismissing her complaint following a public hearing. The determination adopted the findings of the Administrative Law Judge (ALJ) who conducted the public hearing. Substantial evidence supports the ALJ's determination that petitioner failed to meet her burden of establishing that respondent Service Employees International Union, Local 200 United (Local 200), engaged in unlawful discrimination by terminating her employment in retaliation for filing an age discrimination complaint (*see Matter of Yu Zhang v New York State Div. of Human Rights*, 70 AD3d 1414, 1415, *lv denied* 14 NY3d 711). Inasmuch as petitioner failed to submit evidence establishing that Local 200 further retaliated against her by denying her severance benefits, or even to make any allegation with respect thereto, we conclude that, contrary to petitioner's contention, the ALJ properly declined to consider such further retaliation in his decision (*see Matter of Bowler v New York State Div. of Human Rights*, 77 AD3d 1380, 1382, *lv denied* 16 NY3d 709; *see also Edwards v Board of*

*Trustees of Colgate Rochester Divinity School/Bexley Hall/Crozier Theol. Seminary*, 254 AD2d 709, 710).

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court