# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**937**

**TP 15-00390**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF CARL A. MONTI, PETITIONER,

V                                                                    MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS,
SERVICE EMPLOYEES INTERNATIONAL UNION, ALF-CIO,
LOCAL 200 UNITED, RESPONDENTS.

---

LAW OFFICE OF LINDY KORN, PLLC, BUFFALO (CHARLES L. MILLER OF
COUNSEL), FOR PETITIONER.

LAW OFFICES OF MAIREAD E. CONNOR, PLLC, SYRACUSE (MAIREAD E. CONNOR OF
COUNSEL), FOR RESPONDENT SERVICE EMPLOYEES INTERNATIONAL UNION, ALF-
CIO, LOCAL 200 UNITED.

---

Proceeding pursuant to Executive Law § 298 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Erie County [Shirley
Troutman, J.], entered March 4, 2015) to review a determination of
respondent New York State Division of Human Rights. The determination
adopted the recommended order of the Administrative Law Judge
dismissing petitioner's complaint.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum: In this proceeding pursuant to Executive Law § 298,
petitioner seeks to annul the determination of respondent New York
State Division of Human Rights dismissing his complaint following a
public hearing. Our review of the determination, which adopted the
findings of the Administrative Law Judge (ALJ) who conducted the
public hearing, is limited to the issue whether substantial evidence
supports the determination (*see Matter of Bowler v New York State Div.
of Human Rights*, 77 AD3d 1380, 1381, *lv denied* 16 NY3d 709). The
assessment of credibility by the ALJ, moreover, is "unassailable," and
the determination must be confirmed if the testimony credited by the
ALJ provides substantial evidence to support it (*Matter of Berenhaus v
Ward*, 70 NY2d 436, 443; *see Matter of Jones v New York State Div. of
Human Rights*, 122 AD3d 1387, 1387-1388). We conclude that substantial
evidence supports the ALJ's determination that petitioner failed to
establish a prima facie case of retaliation (*see Jones*, 122 AD3d at
1387-1388), and that petitioner's termination was based upon
legitimate, nondiscriminatory reasons (*see Matter of Pace Univ. v New*

*York City Commn. on Human Rights*, 85 NY2d 125, 128-129).

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court