# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**190**

**TP 16-00820**

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF SHANNON SCHEUNEMAN, PETITIONER,

              V                       MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS AND TOWN
OF TONAWANDA, RESPONDENTS.

---

LAW OFFICE OF LINDY KORN, PLLC, BUFFALO (LINDY KORN OF COUNSEL), FOR
PETITIONER.

GOLDBERG SEGALLA LLP, BUFFALO (KRISTIN KLEIN WHEATON OF COUNSEL), FOR
RESPONDENT TOWN OF TONAWANDA.

CAROLYN J. DOWNEY, GENERAL COUNSEL, BRONX (AARON M. WOSKOFF OF
COUNSEL), FOR RESPONDENT NEW YORK STATE DIVISION OF HUMAN RIGHTS.

---

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Frederick J. Marshall, J.], entered May 9, 2016) to review a determination of respondent New York State Division of Human Rights. The determination dismissed petitioner's complaint against respondent Town of Tonawanda.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of respondent New York State Division of Human Rights (SDHR) dismissing her complaint alleging unlawful discrimination and a hostile work environment. Our review of the determination, which adopted the findings of the Administrative Law Judge (ALJ) who conducted the public hearing, "is limited to consideration of whether substantial evidence supports the agency determination" (*Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 331; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180). "Although a contrary decision may be reasonable and also sustainable, a reviewing court may not substitute its judgment for that of the Commissioner [of SDHR] if his [or her determination] is supported by substantial evidence" (*Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights*, 77 NY2d 411, 417, *rearg denied* 78 NY2d 909). We conclude that there is substantial evidence to support the determination that petitioner was not discriminated against on the basis of her gender. We agree

with SDHR that petitioner met her burden of establishing a prima facie case of discrimination based on her gender when she was not promoted to a position with respondent Town of Tonawanda (Town) (*see generally Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305).  We further agree with SDHR, however, that the Town presented a legitimate, independent and nondiscriminatory reason to support its decision to offer the position to another employee (*see generally id.*).  Although petitioner contends that her testimony showed that members of the Town Board, who made the hiring decision, have an "anti-female bias," her testimony conflicted with the Town's proof and presented an issue of credibility to be resolved by the ALJ (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444).  We further conclude that there is substantial evidence to support the determination that petitioner was not subjected to a hostile work environment (*see generally Matter of Bowler v New York State Div. of Human Rights*, 77 AD3d 1380, 1381, *lv denied* 16 NY3d 709).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court