Matter of New York State Div. of Human Rights v GSN Transp. (2021 NY Slip Op 02629)





Matter of New York State Div. of Human Rights v GSN Transp.


2021 NY Slip Op 02629


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


89 TP 20-01098

[*1]IN THE MATTER OF NEW YORK STATE DIVISION OF HUMAN RIGHTS, PETITIONER,
v
GSN TRANSPORTATION, GURNAKE SINGH, OWNER AND DARELL HARLOW, RESPONDENTS. 






CAROLINE J. DOWNEY, GENERAL COUNSEL, STATE DIVISION OF HUMAN RIGHTS, BRONX (TONI ANN HOLLIFIELD OF COUNSEL), FOR PETITIONER. 


 Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Gerard J. Neri, J.], entered August 27, 2020) for enforcement of the final order that petitioner issued on September 21, 2017. 
It is hereby ORDERED that the determination is unanimously confirmed without costs, the petition is granted, and respondents GSN Transportation and Gurnake Singh are directed to pay respondent Darell Harlow the sum of $7,500 as compensatory damages with interest at a rate of 9% per annum commencing September 21, 2017 and to pay the State of New York the sum of $2,000 for a civil fine and penalty with interest at a rate of 9% per annum on any amount paid after November 20, 2017.
Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking to enforce the final order of its Commissioner that, inter alia, found that respondents GSN Transportation and Gurnake Singh (collectively, respondents) unlawfully discriminated against respondent Darell Harlow (complainant) by subjecting him to a hostile work environment on the basis of his disability. Our review of the determination, which adopted with one amendment the findings of the Administrative Law Judge who conducted the public hearing, is limited to the issue whether it is supported by substantial evidence, i.e., whether there exists " 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331 [2003]; see Matter of Russo v New York State Div. of Human Rights, 137 AD3d 1600, 1600 [4th Dept 2016]; Matter of Bowler v New York State Div. of Human Rights, 77 AD3d 1380, 1381 [4th Dept 2010], lv denied 16 NY3d 709 [2011]). "Courts may not weigh the evidence or reject the [Commissioner's] determination where the evidence is conflicting and room for choice exists. Thus, when a rational basis for the conclusion adopted by the Commissioner is found, the judicial function is exhausted" (Matter of State Div. of Human Rights [Granelle], 70 NY2d 100, 106 [1987]; see Russo, 137 AD3d at 1600).
Here, upon our review of the record, we conclude there is substantial evidence supporting the Commissioner's determination that respondents subjected complainant to a hostile work environment inasmuch as " 'the workplace [was] permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of the [complainant's] employment and create an abusive working environment' " (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 310 [2004], quoting Harris v Forklift Sys., Inc., 510 US 17, 21 [1993]; see Matter of Anagnostakos v New York State Div. of Human Rights, 46 AD3d 992, 993 [3d Dept 2007]). In addition, we agree with petitioner that "[s]ubstantial evidence further supports the determination that [Singh], as owner . . . of [GSN Transportation], was individually liable for the discrimination" (Matter of State Div. of Human Rights v Koch, 60 AD3d 777, 777-778 [2d Dept 2009]; see Matter of New York State Div. of Human Rights v Nancy Potenza [*2]Design & Bldg. Servs., Inc., 87 AD3d 1365, 1365-1366 [4th Dept 2011]).
We also agree with petitioner that the award of $7,500 in compensatory damages for mental anguish and humiliation is "reasonably related to the wrongdoing, . . . supported by substantial evidence, and . . . comparable to awards in similar cases" (Matter of Stellar Dental Mgt. LLC v New York State Div. of Human Rights, 162 AD3d 1655, 1658 [4th Dept 2018]; see Matter of Mohawk Val. Orthopedics, LLP v Carcone, 66 AD3d 1350, 1351 [4th Dept 2009]; Matter of Manhattan & Bronx Surface Tr. Operating Auth. v New York State Div. of Human Rights, 225 AD2d 553, 554 [2d Dept 1996]). Finally, we agree with petitioner that the Commissioner properly imposed a $2,000 civil fine and penalty. "Judicial review of an administrative penalty is limited to whether the measure or mode of penalty . . . constitutes an abuse of discretion as a matter of law . . . [A] penalty must be upheld unless it is 'so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d 854 [2001]) and, here, the penalty is not an abuse of discretion as a matter of law (see Matter of County of Erie v New York State Div. of Human Rights, 121 AD3d 1564, 1566 [4th Dept 2014]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court