Matter of Bell v Long (2026 NY Slip Op 01890)

Matter of Bell v Long

2026 NY Slip Op 01890

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, SMITH, AND DELCONTE,
JJ.

147 TP 25-00684

[*1]IN THE MATTER OF DONYALE BELL, PETITIONER,
vWILLIAM LONG, COUNTY OF ERIE, AND NEW YORK STATE
DIVISION OF HUMAN RIGHTS, RESPONDENTS. 

SANDERS & SANDERS, BUFFALO (HARVEY P. SANDERS OF
COUNSEL), FOR PETITIONER. 
HODGSON RUSS LLP, BUFFALO (JOSHUA FEINSTEIN OF COUNSEL), FOR
RESPONDENTS.

 Proceeding pursuant to Executive Law § 298 (transferred to the Appellate
Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme
Court, Erie County [Edward Pace, J.], entered April 23, 2025) to review a determination
of respondent New York State Division of Human Rights. The determination, among
other things, dismissed petitioner's complaint in its entirety. 
It is hereby ORDERED that the determination is unanimously confirmed without
costs and the amended petition is dismissed.
Memorandum: In this proceeding pursuant to Executive Law § 298, petitioner
seeks to annul the determination of respondent New York State Division of Human
Rights (SDHR) dismissing her complaint. Our review of the determination, which
adopted the findings of the Administrative Law Judge (ALJ) who conducted the public
hearing, "is limited to consideration of whether substantial evidence supports the agency
determination" (Matter of Osorio
v New York State Div. of Human Rights, 236 AD3d 1472, 1473 [4th Dept
2025], lv denied 44 NY3d 909 [2026] [internal quotation marks omitted]; see Matter of Hirsch v New York
State Div. of Human Rights, 232 AD3d 1248, 1249 [4th Dept 2024]). "
'Although a contrary decision may be reasonable and also sustainable, a reviewing court
may not substitute its judgment for that of the Commissioner [of SDHR] if [the
Commissioner's determination] is supported by substantial evidence' " (Osorio,
236 AD3d at 1473, quoting Matter of Consolidated Edison Co. of N.Y. v New York
State Div. of Human Rights, 77 NY2d 411, 417 [1991], rearg denied 78
NY2d 909 [1991]).
Contrary to petitioner's contention, we conclude that the determination to dismiss her
claim of quid pro quo sexual harassment was supported by substantial evidence (see generally Matter of Jones v New
York State Div. of Human Rights, 122 AD3d 1387, 1388 [4th Dept 2014]). Such
a claim arises where unwelcome sexual conduct was used, "either explicitly or implicitly,
as the basis for employment decisions affecting compensation, terms, conditions, or
privileges of the complainant's employment" (Matter of Father Belle Community Ctr.
v New York State Div. of Human Rights, 221 AD2d 44, 50 [4th Dept 1996], lv
denied 89 NY2d 809 [1997]). Although the testimony at the hearing established the
existence of a sexual relationship between petitioner and respondent William Long, the
ALJ concluded, based on his assessment of various witnesses and their credibility, that
the relationship predated petitioner's complaint by a number of years, that it was entirely
consensual, and that it was unrelated to petitioner's employment. We will not disturb the
ALJ's determination that the testimony of certain witnesses was more credible than that of
petitioner (see Jones, 122 AD3d at 1388; Matter of Bowler v New York State Div. of Human Rights, 77
AD3d 1380, 1381 [4th Dept 2010], lv denied 16 NY3d 709 [2011]).
Deferring again to the credibility determinations of the ALJ, who declined to credit [*2]petitioner's testimony that the sexual relationship was
nonconsensual or that Long subjected her to other workplace harassment, we similarly
reject petitioner's contention that the determination to dismiss her claim of hostile work
environment was not supported by substantial evidence (see generally Osorio, 236
AD3d at 1474; Jones, 122 AD3d at 1388; Bowler, 77 AD3d at
1381).
Contrary to petitioner's further contention, there is also substantial evidence to
support the determination dismissing her claim for retaliation (see generally
Osorio, 236 AD3d at 1473-1474). " 'In order to make out [a] claim [for unlawful
retaliation], [a petitioner] must show that (1) [the petitioner] has engaged in protected
activity, (2) [the] employer was aware that [the petitioner] participated in such activity,
(3) [the petitioner] suffered an adverse employment action based upon [such] activity, and
(4) there is a causal connection between the protected activity and the adverse action' "
(id., quoting Forrest v
Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004]). "Once that showing is
made, the burden then shifts to [the employer] to present legitimate, independent and
nondiscriminatory reasons to support [its] actions. Then, if [the employer] meet[s] this
burden, [the petitioner] has the obligation to show that the reasons put forth by [the
employer] were merely a pretext" (Osorio, 236 AD3d at 1474 [internal quotation
marks omitted]). Consistent with the ALJ's determination after the hearing, we conclude
that, although petitioner met her initial burden with respect to her retaliation claim, there
is substantial evidence in the record to support the determination that respondent County
of Erie presented legitimate, independent, and nondiscriminatory reasons to support its
refusal to promote petitioner (see id.). Specifically, substantial evidence at the
hearing established, as the ALJ found, that others were promoted over petitioner based on
petitioner's lower scores during the interview process and various workplace performance
concerns. We further conclude that petitioner failed to establish that the proffered reasons
for the decision not to promote her were a pretext for unlawful retaliation (see Matter of Mario v New York
State Div. of Human Rights, 200 AD3d 1591, 1593 [4th Dept 2021], lv
denied 38 NY3d 909 [2022]).
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court