Matter of Charter Communications, LLC v New York State Div. of Human Rights
2026 NY Slip Op 04066
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF CHARTER COMMUNICATIONS, LLC, PETITIONER-RESPONDENT,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS, RESPONDENT-PETITIONER, AND JON E. EISEN, RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
320 TP 25-01673
Present: Lindley, J.P., Bannister, Montour, Greenwood, And Hannah, JJ.

KABAT CHAPMAN & OZMER LLP, ATLANTA, GEORGIA (NATHAN D. CHAPMAN, ADMITTED PRO HAC VICE, OF COUNSEL), FOR PETITIONER-RESPONDENT.
MELISSA FRANCO, GENERAL COUNSEL, NEW YORK STATE DIVISION OF HUMAN RIGHTS, BRONX (MICHAEL K. SWIRSKY OF COUNSEL), FOR RESPONDENT-PETITIONER.

Proceeding pursuant to Executive Law § 298 and CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Danielle M. Fogel, J.], entered September 22, 2025) to review a determination of respondent-petitioner New York State Division of Human Rights. The determination, among other things, adjudged that petitioner retaliated against respondent, Jon E. Eisen, and ordered petitioner to pay compensatory damages and a civil fine.
[*1]
It is hereby ORDERED that the determination is unanimously confirmed without costs, the petition is dismissed, the cross-petition is granted, and petitioner-respondent is directed to pay respondent, Jon E. Eisen, the sum of $7,500 for mental anguish with interest at the rate of 9% per annum commencing June 13, 2025, and to pay the Comptroller of the State of New York the sum of $50,000 for a civil fine and penalty with interest at the rate of 9% per annum commencing June 13, 2025.
Memorandum: Petitioner-respondent (petitioner) commenced this proceeding pursuant to Executive Law § 298 and CPLR article 78 seeking to annul the determination of respondent-petitioner, New York State Division of Human Rights (SDHR), that petitioner unlawfully retaliated against respondent, Jon E. Eisen (complainant). SDHR awarded complainant compensatory damages for mental anguish in the amount of $7,500 and imposed a civil fine and penalty against petitioner in the amount of $50,000. SDHR filed a cross-petition seeking to confirm and enforce the determination.
Our review of the determination, which adopted the findings of the adjudication counsel made after the public hearing (see 9 NYCRR 465.17 [c] [2]), "is limited to consideration of whether substantial evidence supports the agency determination" (Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331 [2003]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-180 [1978]; Matter of Hirsch v New York State Div. of Human Rights, 232 AD3d 1248, 1249 [4th Dept 2024]).
"It is peculiarly within the domain of the [SDHR] Commissioner, who is presumed to have special expertise in the matter, to assess whether the facts and the law support a finding of unlawful [retaliation]" (Matter of Garvey Nursing Home v New York State Div. of Human Rights, 209 AD2d 619, 619 [2d Dept 1994] [internal quotation marks omitted]). We are not permitted to " 'weigh the evidence or reject' [SDHR's] 'choice where the evidence is conflicting and room for [*2]a choice exists' " (Matter of Clifton Park Apts., LLC v New York State Div. of Human Rights, 41 NY3d 326, 333 [2024], quoting Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept., 71 NY2d 623, 631 [1988]; see Matter of City of Niagara Falls v New York State Div. of Human Rights, 94 AD3d 1442, 1443-1444 [4th Dept 2012]). "Thus, when a rational basis for the conclusion adopted by [SDHR] is found, the judicial function is exhausted" (Matter of State Div. of Human Rights [Granelle], 70 NY2d 100, 106 [1987]; see also Rainer N. Mittl, Ophthalmologist, P.C., 100 NY2d at 331; City of Niagara Falls, 94 AD3d at 1443-1444).
Initially, we reject petitioner's contention that SDHR erred in amending the complaint. After he was fired from his employment with petitioner, complainant filed a complaint with SDHR alleging age discrimination. Petitioner responded by sending a letter to complainant in September 2019 stating that, because of a binding arbitration agreement between the parties, complainant could not pursue his claim against petitioner through a court action. Petitioner advised complainant to "be aware" that the arbitration agreement entitled petitioner to costs and fees, including attorneys' fees, incurred if petitioner was forced to seek court action to compel complainant to resolve his dispute through arbitration instead of litigation. Petitioner then filed the instant complaint alleging age discrimination and retaliation. Thereafter, while the complaint was pending, petitioner sent complainant two additional letters in June 2020 and March 2021 asking complainant to withdraw his complaint with SDHR because of the arbitration agreement.
We conclude that SDHR properly amended the complaint to conform the pleading to the proof by including the June 2020 and March 2021 letters on the retaliation claim (see generally CPLR 3025 [c]; 9 NYCRR 465.4 [a]; Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]; Matter of Barton v Barton, 111 AD3d 1348, 1349 [4th Dept 2013]). We reject petitioner's contention that it was prejudiced by the amendment (see generally Kimso Apts., LLC, 24 NY3d at 411). Petitioner's conduct in sending the June 2020 and March 2021 letters was essentially the same conduct as its sending the September 2019 letter giving rise to the complaint. All three letters were entered into evidence and a subject of direct and cross-examination of the witnesses.
We conclude that there is substantial evidence to support the determination that petitioner retaliated against complainant when it sent the letters to him. The letters stated that complainant could not pursue his claims against petitioner but must instead resolve them through arbitration and threatened complainant with the possibility of being responsible for petitioner's costs and attorneys' fees if petitioner was forced to seek court action to compel complainant to resolve his dispute through arbitration instead of litigation. Contrary to petitioner's contention, "such threats could have dissuaded a reasonable person from" pursuing the discrimination complaint (Clifton Park Apts., LLC, 41 NY3d at 333).
Contrary to petitioner's contention, the award to complainant for mental anguish is supported by substantial evidence in the form of complainant's testimony, is reasonably related to the wrongdoing, and is comparable to awards in similar cases (see Matter of New York State Div. of Human Rights v GSN Transp., 193 AD3d 1333, 1334-1335 [4th Dept 2021]; Matter of Stellar Dental Mgt. LLC v New York State Div. of Human Rights, 162 AD3d 1655, 1658 [4th Dept 2018]; Matter of Mohawk Val. Orthopedics, LLP v Carcone, 66 AD3d 1350, 1351 [4th Dept 2009]). We reject petitioner's further contention that SDHR's imposition of a civil penalty was excessive and arbitrary and capricious. It is well settled that "[j]udicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law . . . [A] penalty must be upheld unless it is 'so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d 854 [2001]; see Stellar Dental Mgt. LLC, 162 AD3d at 1658). Here, SDHR's award of a civil fine and penalty of $50,000 is not shocking to our sense of fairness (see Matter of County of Erie v New York State Div. of Human Rights, 121 AD3d 1564, 1566 [4th Dept 2014]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court